## VAN NORDEN TRUST CO. v. O'DONOHUE et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. WILLS—CONVEYANCE BY DEVISEE.

Devisee in a will entitled to take at the death of a life beneficiary subject to designated contingencies, including the naked right of the executors to sell the realty and distribute the proceeds, may before the death of the life beneficiary convey their interests subject to the contingencies, and on the death of the life beneficiary the purchaser has an immediate right to possession, subject to the contingencies.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1902.]

2. SAME—ELECTION BY DEVISEES.

Beneficiaries in a will effecting an equitable conversion of the realty elect by disposing of a part of their interests to take the realty rather than the proceeds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1735.]

3. EXECUTORS—SALE OF REAL ESTATE—POWERS.

The power of an executor to sell real estate to distribute the estate cannot be exercised after devisees have conveyed a part of their interests in the estate.

4. WILLS—CONSTRUCTION—ESTATES DEVISED—TRUSTS.

Testator gave the income of his realty to a beneficiary for life, authorized the executor to take charge of the estate for the life of the beneficiary, and to sell the same, except a part thereof, and provided that on the death of the life beneficiary an undivided one-half should go to a sister and the other one-half to nieces and nephews, and empowered executors to sell and divide the proceeds. Held that, on the death of the life beneficiary, the sister and nieces and nephews became the owners of the property in the respective interests designated by the will; the power of sale conferred on the executors not defeating the gifts.

5. PARTITION—PARTIES.

One claiming an undivided interest in lands under a conveyance executed by devisees thereof may, on the devisees becoming entitled to the possession and ownership of the estate on the death of a life beneficiary, maintain partition against the devisees without joining a lessee of the executor authorized to take charge of the estate during the life of the beneficiary.

Appeal from Special Term.

Action by the Van Norden Trust Company, executor and trustee of Henry A. Smith, deceased, against John J. O'Donohue and others. From an interlocutory judgment overruling a demurrer interposed by certain of the defendants, they appeal. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

H. Aplington, for appellants.
Edward W. S. Johnston, for respondent.

LAMBERT, J. The principal question involved in this appeal relates to the construction of the will of one Hugh Smith, who died on

the 16th day of July, 1890, leaving a last will and testament, bearing date of April 10, 1884, the same having been duly probated in August, 1890. The deceased at the time of his death was the owner of the Murray Hill Hotel and property at Avenue B, and this action for partition relates solely to these properties. The defendants, John J. O'Donohue, Mary L. Kelly, and Thomas J. O'Donohue, Jr., oppose the partitioning of the property; the various questions being raised by demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The theory of the demurring defendants is that under the will of Hugh Smith, deceased, this property vested in trustees, and that the complaint does not show that the trustees were ever divested of title, or that the plaintiffs and defendants are in possession of the premises in such a manner as to permit of this action. The whole argument proceeds upon the theory that there is a trust under the will, although the defendants do not apparently concede that the facts would constitute a cause of action under any circumstances. The will is complicated in its arrangement, and it does contain some elements of a trust nature, but we are of the opinion that it is lacking in some of the essential elements of an express trust, and that it did not vest title in the executors under the will of Hugh Smith. Hugh Smith left him surviving his sisters, Margaret C. Smyth and Catherine T. Smith, his brother, Henry A. Smith, the plaintiff's testator, John H. Murphy and Edward F. Murphy, his nephews, and Jane T. Dillon and Louisa A. O'Donohue, his nieces, as his only heirs at law. By his will the testator gave to his sister Catherine T. Smith the net annual income of his entire estate, both real and personal, after the payment for certain repairs, and the sum of $100 per month to his brother, Henry A. Smith, who was given no other interest in the estate. He does not attempt to vest the estate in the executors for the purpose of paying the income to the sister during life, but provides that the executors are to take care and charge of his whole estate, real and personal, during the lifetime of his sister. He then provides that the executors shall, if the brother Henry survives the sister Catherine, continue to pay the former $100 per month, and provides that a sum may be set apart and invested for that purpose, to become a part of the residuary estate upon the death of the brother, but he died in 1903, before the sister, so that this complication is out of the case. The testator then authorized the executors or the survivors of them to sell the whole or any part of his real estate from time to time in their discretion, except that the Murray Hill Hotel and the real estate situate on Avenue B were not to be sold during the lifetime of Catherine. Upon the death of Catherine, the testator gives, devises, and bequeathes one equal half part of all the rest, residue, and remainder of his estate, real and personal, to his sister Margaret Smyth, and unto her and her heirs and assigns forever; but, if she shall die before Catherine, then he gives and bequeathes this share to the issue of his sister Margaret, to be equally divided between them per stirpes, and not per capita. Likewise, upon the death of Catherine, he gives, devises, and bequeaths the remaining undivided half part of his estate, real and personal, to his nieces and nephews, children of his sister Mary Ann Murphy, and of James Murphy, her husband. The

various proportions which were given to each of these nieces and nephews, and the contingent distributions, are not material to be mentioned. Finally, the will provides a power of sale in the executors after the death of Catherine, and to divide the net proceeds of such sale among the people entitled thereto in the provisions of the will, such power of sale, however, to be exercised within the period of 10 years after the decease of Catherine.

Catherine T. Smith, the life beneficiary, died on the 11th day of April, 1906, and it cannot be doubted that at that time each of the beneficiaries provided for under the will came into the right of possession of the expectant estate, subject to the discretionary power of sale vested in the executors, which power has never been exercised, though it is alleged in the complaint that these executors are threatening to sell the Murray Hill Hotel property at a price below its fair value. Prior to the death of Catherine, and on the 20th of May, 1905, by 14 separate conveyances, John J. O'Donohue, Thomas J. O'Donohue, Jr., May Cecelia Dillon, Francis J. M. Dillon, Agnes M. Smyth, Louis Smyth, Francis Smyth, Peter Smyth, Teresa R. Smyth, Jane T. Dillon, John H. Murphy, Edward Murphy, Margaret C. S. Carroll, and Mary L. O'Donohue, now Mary L. Kelly, conveyed to Henry A. Smith (the plaintiff's testator) one equal fourth part of all their right, title, and interest in and to said lands and premises. These parties were those who were entitled to take upon the death of Catherine, and they unquestionably had a right to convey their interest to Henry A. Smith, subject to the contingencies provided in the will, and upon the death of Catherine there was an immediate right of possession, subject, perhaps, to the naked right on the part of the executors to sell the lands for the purposes of distributing the proceeds. Henry A. Smith, as we have already seen, died in 1903, leaving a last will and testament, and the plaintiff in this action is asserting his rights under the several conveyances above mentioned, and which involved the acts of every one of the persons who were interested in the distribution of the estate. Enough, we believe, has been pointed out to indicate clearly that Hugh Smith did not create a trust in his will. He not only did not attempt to vest the title in his executors in trust, but he specifically gave, devised, and bequeathed the income to Catherine for her life, and, upon her death, he gave, devised, and bequeathed the entire estate, giving merely a naked power of sale to his executors, not absolutely, but in their discretion. Before the death of Catherine, and while some of the interests were liable to be defeated by death, those in whom the estate eventually vested joined in conveying an interest in the property to the plaintiff's testator, and thus all occasion for the exercise of the power of sale in the executors was at an end. It is urged that by conferring the power of sale an equitable conversion of the realty, including the Murray Hill Hotel and the Avenue B property, was operated; but, if that be so, then, the beneficiaries having disposed of a portion of their interest in the property, this power became useless. They had elected to take the property rather than the proceeds, and this, under well-recognized authorities, is entirely proper. If the grantees had conveyed their entire interest, so that the full title vested in Henry A. Smith, it certainly would not be contended that

the executors, who had the power merely for the purpose of conveniently closing up and distributing the estate, were justified in selling the premises, and the rule ought not to be different because such interest only reached a one-fourth part of the estate. This is the doctrine of Greenland v. Waddell, 116 N. Y. 234, 22 N. E. 367, 15 Am. St. Rep. 400, and no reason suggests itself why it should not be applied in the present case.

But, looking at the scheme of this will and especially at the tenth and eleventh clauses thereof, it is apparent that the testator, after the death of his sister Catherine, gave by the tenth clause one equal undivided half part of the rest, residue, and remainder of his estate to his sister Margaret Smyth, wife of Bernard Smyth, to have and hold unto her, her heirs and assigns forever; and, if she should die before Catherine, then to the issue of Margaret, and by the eleventh clause, upon the death of his sister Catherine, the testator gave, devised, and bequeathed the remaining equal undivided half part of all the rest, residue, and remainder of his estate, real and personal, unto his nieces and nephews, children of Mary Ann Murphy and James Murphy, her husband, in proportions named in subdivisions of the eleventh clause. Here are specific devises, which are not controlled as to vesting in ownership by the power of sale given in the thirteenth clause and relating to the Murray Hill Hotel and the property on Avenue B. That thirteenth clause does not cut down the specific devises to mere legacies of the proceeds of sale. The title is in the devisees, and, while the executors no doubt might have exercised the power of sale, not having done so, the title is still in the devisees and they may maintain partition. This view is re-enforced when we have regard to the seventh clause of the will, which gives to the executors power of sale with reference to all the rest of the real estate, except the Murray Hill Hotel and the property on Avenue B. The general power of sale for the purposes of administration extends over all the real estate of the testator, except that which is specifically devised by the other clauses of the will which have been referred to, and in respect of which the power of sale is only discretionary, to be exercised within 10 years after the death of the testator's sister Catherine, and does not supplant or affect the clear title of those devisees who, on the death of Catherine, became the owners of the property in the respective interests nominated in the subdivisions of the eleventh clause of the will above referred to.

The objection that the Murray Hill Hotel is in the possession of one Bates, under a lease executed for a period of 20 years, and that this shows that all of the defendants are not in possession, is not tenable. The lease was made during the lifetime of Catherine, and was no doubt good during her lifetime, but the executors had no power to make a lease beyond the power given to them in the will. And this question may be determined in an action for partition. See Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952. We are clearly of opinion that all of the necessary parties are before the court, that they are in possession of the premises within the contemplation of the provisions of the Code of Civil Procedure, and that the demur-

rer to the complaint, upon the ground that it does not state facts suffi-
cient to constitute a cause of action, was properly overruled.

The interlocutory judgment appealed from should be affirmed, with
costs, with leave to the appellants to answer on the payment of costs
in this court and in the court below. All concur.