## MURPHY v. FOX.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. VENDOR AND PURCHASER (§ 129*)—CONTRACTS—TITLE—REJECTION BY PURCHASER—GROUNDS.

Generally, a pending action and lis pendens filed justifies a rejection of title by the purchaser, when the complaint states a good cause of action affecting the premises bargained for.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 242; Dec. Dig. § 129.*]

2. VENDOR AND PURCHASER (§ 129*)—CONTRACTS FOR CONVEYANCE OF REAL ESTATE—DEFECTIVE TITLE.

At the time fixed for the performance of a contract for the purchase of real estate from an executor, there was on file a lis pendens against the premises and a complaint asking for a sale in partition and asserting that the power of sale of the executor had terminated. The complaint had been tested on demurrer, and a judgment that a good cause of action was set forth had been entered. The purchaser contracted without knowledge of the action. Held, that the executor was not entitled to compel specific performance, whether the pendency of the action constituted a cloud on the title, or whether the court correctly determined that the complaint stated a good cause of action.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 242; Dec. Dig. § 129.*]

Appeal from Judgment on Report of Referee.

Action by Edward F. Murphy, as sole surviving executor of Hugh Smith, deceased, against Julius B. Fox. From a judgment for plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff, entered on the decision of a referee, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward M. Shepard, for appellant.
Lucius H. Beers, for respondent.

HOUGHTON, J. The plaintiff's testator died seised of several parcels of real property, and by his will gave to his executors power to convey certain of them upon the death of his sister. That event having transpired, the plaintiff, as sole surviving executor, made a contract for the sale of one of these parcels to the defendant. When this contract was made, and at the time fixed for passing title, there was pending against the plaintiff and other parties in interest an action for partition covering the parcel in controversy, brought by the executor of one of the owners of the remainder estate, and a lis pendens therein had been duly filed. The complaint in that action, after setting forth the will of the testator and the chain of title and the interest of the parties, alleged that no trust was created by the will, so as to vest title in the executors, and that whatever power of sale existed in the executors had been lost through the election to convey on the part of the residuary devisees, evidenced by their actual conveyances of undivided portions before the power had been exercised. Certain defendants demurred on the ground that the complaint failed to state a cause of action, and, on the demurrer being overruled, they appealed to this court, which affirmed the judgment. Van Norden Trust Co. v. O'Donohue, 122 App. Div. 51, 106 N. Y. Supp. 948. On that appeal this court considered the provisions of the will, and determined that no trust vesting title in the executors was created, and also concluded that the power of sale vested in them had terminated by the election of the remaindermen to convey. Notwithstanding the interlocutory judgment overruling the demurrer to the complaint had been entered, the plaintiff did not inform the defendant of the pendency of the partition action when the contract of purchase was signed, and the defendant had no actual knowledge of it. At the time for closing title the defendant refused to take, because of the pendency of the partition action and the existence of a lis pendens therein, whereupon the plaintiff brought this action to compel the defendants to specifically perform.

We think the learned referee was in error in decreeing specific performance. The theory upon which he arrived at his conclusion was that the decision by this court that the power of sale had terminated was unnecessary to the determination of the question as to whether or not the complaint stated a good cause of action in partition, and that this court was in error in assuming that all of the remaindermen had conveyed, because in fact only 14 out of the 15 owners had done so, and that, the power of sale not having been extinguished, it survived the partition action, and could be exercised, notwithstanding its pendency, up to the entry of judgment therein. It is perhaps proper in this connection to say that, although it could have been ascertained from the complaint in the partition action, by checking off the names, that only

14 out of the 15 remaindermen executed the conveyances, still upon the argument and in the briefs of both counsel it was assumed that all of the remaindermen had joined in conveyances of portions of their undivided interests, and it was upon that assumption that this court made its decision.

When the defendant, not knowing and not being informed of the fact, entered into his contract, and when he was asked to complete his purchase, there was on file against the property which he had agreed to buy a lis pendens, together with a complaint, asking for a sale of the property in partition and asserting that the power of sale in the executor had terminated, which complaint had been tested upon demurrer; that test resulting in a judgment determining that a good cause of action was set forth. It is a general rule that a pending action and lis pendens filed justify a rejection of title by the purchaser of land, when the complaint states a good cause of action affecting the land bargained for. Simon v. Vanderveer, 155 N. Y. 377, 49 N. E. 1043, 63 Am. St. Rep. 683; Whalen v. Stuart, 123 App. Div. 446, 108 N. Y. Supp. 355.

Whether the pendency of a partition action in which a lis pendens has been properly filed constitutes a cloud upon the title or not, and whether or not the court was correct in saying the complaint therein stated a good cause of action, specific performance should not have been decreed against the defendant. In an equitable action for specific performance the test is not whether the title proffered can be successfully defended on litigation. The defendant was under no obligation to buy a lawsuit along with his land. The situation presented when defendant was called upon to take title was not such that it was inequitable to compel him to specifically perform. Assuming, as asserted by plaintiff, that his power to convey as executor had not been terminated, and that, notwithstanding the partition action, he could exercise that power until judgment was actually entered, still, if the defendant took title, he must intervene in the partition action and prevent a judgment of sale, or follow the judgment and bid in his own property. This he was not legally called upon to do, and it was inequitable for a court of equity to thrust him into such a position against his will.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.