Fred J. Munder, J.
This is a motion for a temporary injunction to restrain the sale of a two-acre parcel of real property bounded on the west by lands of Marshall Field Estate, on the north by Lloyd Harbor Eoad, on the east by the continuation of the center line of Fiddlers G-reen Eoad and on the south by Lloyd Harbor. It is contended that this land, together with other land already conveyed, was to be conveyed to the plaintiff to be held as the common property of the purchasers of homesteads in the development known as Fiddlers G-reen.
Incidental to the institution of this action plaintiff filed a lis pendens against all unsold land held by the corporate defendant, including specifically the two-acre parcel now in question. On an unopposed motion defendant secured an order canceling the lis pendens on its filing a bond. Plaintiff claims it was induced not to oppose the motion by an assurance that the two-acre parcel in question would not be sold. It had no objection to the sale of any other land described in the lis pendens. The defendants urge that pursuant to section 121 of the Civil Practice Act, whatever right the plaintiff had to reach the land in question was waived or lost by the cancellation of that notice. The pertinent part of section 121 reads: ‘ ‘ After a notice of pendency of action has been cancelled, neither the proceedings in the action nor any judgment which may be rendered therein shall affect the real property described in any such cancelled notice ’ \
Defendants say that what plaintiff now seeks is to reinstate the preventive bar of the cancelled lis pendens, which effectively prevented any disposition of the property and, further, that this court should not indirectly review what was already considered when the lis pendens was cancelled.
A Us pendens is exactly what its name implies, a notice. It is not an injunction and does not restrain the conveyance of land. It may be ignored but, of course, at the peril that a decision adverse to the grantor may be rendered, in which event *475 the grantees’ title would he affected by the judgment “ to the same extent as if he was a party to the action ”. (§ 121.) In addition to the filing of a lis pendens the plaintiff might originally have sought the injunction he now seeks.
In. this action plaintiff asks an accounting, claiming a share of the profits of the defendant corporation realized from the sale of plots which were a part of the original purchase of a joint enterprise, in addition to the conveyance to it of the land it asserts was not to be sold but was to be common land. The prayer for relief includes the demand that defendant convey to plaintiff the unsold plots. Now, presumably because of the bond filed on the cancellation of the lis pendens, plaintiff does not oppose the sale of those lots.
Under all the circumstances and to retain the status quo it seems to me that the temporary injunction should issue but on condition that plaintiff file a bond in the sum of $14,000, represented to be the value of the two-acre parcel, to secure the defendants against loss or damage if plaintiff’s contention is not upheld on the trial. Another reason supporting this conclusion is the imminence of the trial, now set for October 5, 1959, and the fact that the injunction plus the standing deposits of security by both parties will ensure an early disposition of the case.
Submit order accordingly.