FIDDLERS GREEN ASSOCIATION, INC., Respondent, v. CONSTRUCTION CORPORATION OF LONG ISLAND, INC., et al., Appellants.— In an action to compel defendants to account and to convey to plaintiff a certain two-acre tract of harbor front land and certain other tracts of land, the defendants appeal from an order of the Supreme Court, Suffolk County, dated September 11, 1959, enjoining them from selling or otherwise disposing of said harbor front land or erecting any building thereon upon the filing by plaintiff of a bond for $14,000 to secure defendants against loss or damage "in the event that the plaintiff's contentions as to the said property is not upheld on the trial of this action". Said bond has been approved by the court and "ordered filed." Plaintiff, a membership corporation, was formed for the purpose of purchasing a tract of land to be subdivided into plots for each of its subscribing members. It was agreed that certain parts of the tract shall be held by the plaintiff corporation for the benefit of the community. It was also agreed that the defendant corporation shall take title to the entire tract in its name and thereafter shall convey portions of the subdivided tract to the plaintiff's subscribing members. A dispute arose between the plaintiff and defendants (the individual defendants being officers of the defendant corporation) as to the land which plaintiff claimed should be conveyed to it for the community's benefit. When defendants refused to convey this disputed land, plaintiff instituted this action and filed a *lis pendens*. Upon defendants' motion, which was not opposed, the court made an order canceling the *lis pendens* upon defendants' deposit of the sum of $17,000 in cash. Such deposit was made. Thereafter, when the defendants were about to sell the land in dispute, the plaintiff, without moving to open its default, made the motion which resulted in the order appealed from. Its motion was made upon the grounds: (1) that the proposed sale would irreparably injure plaintiff; (2) that it had been agreed that the said land was to be held for the benefit of the community; and (3) that plaintiff did not oppose the cancellation of the *lis pendens*, because defendants' attorney promised not to sell the disputed land until the determination of the action. Order reversed, with $10 costs and disbursements, and motion denied. The cancellation of the *lis pendens* by the deposit of the $17,000, as directed by the prior court order, precludes any other proceeding in this action against the real property described in the cancelled *lis pendens*. (See Civ. Prac. Act, §§ 121, 124.) Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur. [20 Misc 2d 473.]

ROBERT HOGAN, an Infant, by MARGARET HOGAN, His Guardian ad Litem, et al., Respondents, v. SALVATORE J. CIANCIMINO, as Administrator of the Estate of HENRY BEYERS, Deceased, Appellant.— In an action to recover damages for personal injuries arising out of a collision between two automobiles, defendant appeals from an order of the Supreme Court, Westchester County, dated August 31, 1960, granting plaintiffs' motion for summary judgment and directing an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion the record presents triable issues of fact which should not have been decided on motion. Moreover, in view of the absence of personal knowledge on the part of defendant administrator, he is entitled to defend the action upon a plenary trial of the issues. (*De France* v. *Oestrike*, 8 A D 2d 735, and cases there cited.) Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.