Abraham Simon et al., Appellants, v. John H. Vanderveer, Respondent.

Sale of Land — Unmarketable Title — Rejection by Purchaser.
A pending action and *lis pendens* filed justify the rejection of title by the purchaser of land, when the complaint states a good cause of action affecting the land. The purchaser is not required to go outside the complaint and look up the evidence on which the action is based and determine whether it is maintainable.

Simon v. Vanderveer, 84 Hun, 452, reversed.

(Submitted March 14, 1898; decided March 25, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the second judicial department, entered February 26, 1895, reversing a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Manheim* for appellants. The title proffered by the defendant to the plaintiffs was unmarketable. (Code Civ. Pro. §§ 1670, 1671; *Jordan* v. *Poillon*, 77 N. Y. 521; *Moore* v. *Williams*, 115 N. Y. 586; *Fleming* v. *Burnham*, 100 N. Y. 1; *Warren* v. *Banning*, 50 N. Y. S. R. 810; *Wilmurt* v. *McGrane*, 16 App. Div. 412; *Vought* v. *Williams*, 120 N. Y. 253; *Shriver* v. *Shriver*, 86 N. Y. 575; *Kilpatrick* v. *Barron*, 125 N. Y. 751; *Abbott* v. *James*, 111 N. Y. 673; *Dalton* v. *Vanderveer*, 59 N. Y. S. R. 254.)

*Albert G. McDonald* for respondent. Neither the suit of Dalton against Vanderveer nor the notice of its pendency made the title defective or furnished reason for its rejection. (*Greenblatt* v. *Hermann*, 144 N. Y. 18; *Haberman* v. *Baker*, 128 N. Y. 256; *Hayes* v. *Nourse*, 114 N. Y. 595; *Aldrich* v. *Bailey*, 132 N. Y. 85; *Simon* v. *Vanderveer*, 84 Hun, 452; *Grace* v. *Bowden*, 10 App. Div. 541; *Styles* v. *Blume*, 12 Misc. Rep. 421; *Mahaiwe Bank* v. *Culver*, 30 N. Y. 313; *Wilsey* v. *Dennis*, 44 Barb. 354; *Bull* v. *Hutchins*, 32 Beav. 615; *Hellreigel* v. *Manning*, 97 N. Y. 60.)

HAIGHT, J. This action was brought to recover the amount paid upon contracts for the purchase of real property, upon the ground that the title was defective or so incumbered as to make it unmarketable.

On the 5th day of October, 1892, the day agreed upon by the parties for the transfer of the title, the defendant tendered to the plaintiffs deeds of the land, proper and sufficient in form, but they refused to receive the deeds or to pay the balance of the purchase price in accordance with the terms of the contract, for the reason that a *lis pendens* and com-

plaint had been filed in the office of the clerk of Kings county on September 29th, 1892, in an action brought by one George W. Dalton against the defendant in this action, in which Dalton claimed an interest in the real estate which the defendant had contracted to convey to these plaintiffs. The defendant insisted that his title was not impaired or rendered unmarketable by reason of the Dalton action and *lis pendens*, but did not produce or call the attention of the plaintiffs to the contract upon which that action was based.

Prior to the 25th day of February, 1891, the defendant's title is unquestioned. On that day he entered into a written contract with Dalton to act as his agent in surveying, opening streets and laying out lots for sale of about sixty-five acres of land, of which that contracted to be conveyed to the plaintiffs was a part. Under the contract Dalton was to make the sales of the property, pay the defendant $3,000 per acre and three-fourths of all that should be received in excess thereof, Dalton reserving the other quarter for his services.

We fully agree with the learned General Term in its conclusion that under this contract Dalton acquired no title or interest in the land. But, as we have seen, this contract was not produced and the attention of the plaintiffs called thereto at the time agreed upon for the transfer of the property to them. No claim has been made that the complaint does not state a good cause of action, or that under it Dalton would not have an interest in the real property. Instead of averring an employment as agent, as provided for in the contract, it alleges that the plaintiffs and defendant entered into a copartnership, in which each partner was to have an interest in the lands, and that the defendant, for the purpose of depriving Dalton of his rightful interest and share in the premises, wrongfully dissolved the copartnership and would not allow him to participate in the profits arising from the contract or account to him for his share or interest. The relief demanded was that he, Dalton, be declared to be an owner, or part owner, of the land and premises described; that an accounting be had and that a receiver be appointed to take possession

of the premises and to sell the lands, or that the premises be divided under the direction of the court according to the respective rights of the parties.

It will be observed that the action was commenced only six days before the day fixed for the passing of the title under the contract with the plaintiffs. The commencement of that action was not discovered by the plaintiffs until the day before and then a contract was found on file, but it was not examined by the plaintiffs' counsel and he did not know that it was the contract upon which the Dalton action was based, or that there was not another contract.

If the allegations of the complaint were true, then the title was not marketable. Upon the trial of this action it turned out that the essential allegation had no foundation in fact, but these facts were not known by the plaintiffs at the time of their rejection of the title. We are thus brought to the question in the case. The plaintiffs contend that they were not required to investigate the title further; while the defendant insists that the burden rested upon them to show that the Dalton action was based upon facts that would establish that he had an interest in the property or that the result of the trial of that issue would be doubtful.

The rule is well stated by ANDREWS, Ch. J., in the recent case of *Greenblatt* v. *Hermann* (144 N. Y. 13, 18): " A vendee who refuses to take title upon the ground of defect therein, must point out the objection and give proof tending to establish it, or to create such a doubt in respect thereto as to render the title unmarketable. If the defect or doubt is disclosed on the face of the record title, he need go no further, but if it depends upon some extrinsic fact not disclosed by the record, he must show the fact which justifies his refusal to accept the title tendered."

In the case of *Aldrich* v. *Bailey* (132 N. Y. 85) we held that an action brought and a *lis pendens* filed did not justify the rejection of the title by the vendee when the complaint failed to state a cause of action.

In *Fleming* v. *Burnham et al.* (100 N. Y. 1) it was held

that a title open to reasonable doubt is not marketable and a purchaser will not be required to determine a disputed question of fact or a doubtful question of law with reference thereto.

In *Moore* v. *Williams* (115 N. Y. 586) it was held that it was not necessary for a vendee of real estate in order to justify a refusal to complete the purchase, to show that the title offered was absolutely bad. It is sufficient if he had to resort to parol evidence to remove the apparent incumbrance.

We now come to the consideration of the case of *Hayes* v. *Nourse* (114 N. Y. 595), upon which the learned General Term based its decision. That action was brought to recover a payment made at the time of the execution of a contract for the sale of lands on the ground of a defect in the title. In that case one Peter Kemble owned the premises in 1819. He died in 1823, leaving a will in which he devised the premises to his five children, share and share alike; four of the children conveyed to Mary Kemble, the fifth. She recorded her deed, took possession of the land and remained until October, 1854, when she conveyed to James N. Paulding, who took possession and remained until August, 1884, when he conveyed to the defendant in trust for the benefit of creditors. In 1885 the defendant contracted to sell to the plaintiff. The defect in the title complained of was that in July, 1836, an action was commenced in the late Court of Chancery by John McGeer and others against Governeur Kemble and others, being the five children and devisees of Peter Kemble, in which it was alleged in the bill that on August 13, 1819, Peter Kemble had entered into an agreement with Arthur McGeer, the father of the complainants, in which he agreed to sell, and McGeer to purchase, the lands, and that under that contract McGeer entered into possession, and so remained until his death, when the defendants in that action re-entered and retained the possession. A *lis pendens* was filed on the same day that the action was brought. It appeared that no further proceedings were taken in the case, and the last we hear of it was in 1844, when there was a substitution of attorneys for the complainants. Upon the trial of this action James N. Paulding was sworn as a witness, and

testified that the first that he knew of any trouble with the title was twenty years before, when he sold the lots at auction. The purchaser found the papers in the chancery suit on file and refused to take title. At that time Paulding tells us he tried to find the McGeers, and employed two persons for that purpose, who made diligent search, but had been unable to get any trace of them. Paulding had purchased without actual notice of the alleged claim of the McGeers. In that case it was held that, owing to the facts that sixty-one years had elapsed since the filing of the *lis pendens* and the commencement of the suit in chancery, the right to revive and continue the action against the successors in interest of a deceased defendant had been lost, and that the *lis pendens* and action pending no longer continued to be a cloud upon the title. FOLLETT, Ch. J., in delivering the opinion of the court in that case, gave expression to the following : " A pending action brought to establish title to, or a lien upon, land does not of itself, nor does a duly recorded notice of its pendency, make the title defective or create a lien on the land." It is upon this clause of the opinion that the General Term rests its conclusion that the vendee must go further and make inquiry as to the evidence and determine whether the action can be maintained. The rule which Judge FOLLETT attempted to state was based upon the case of *Bull* v. *Hutchins* (32 Beavan, 615), in which the Master of the Rolls said that " The *lis pendens* is merely notice of some claim made in respect of the property which is the subject of the suit, but that it does not, of itself, create an incumbrance apart from the equity on which the action is founded. If it were otherwise, a *lis pendens* having nothing to do with the matter might create an incumbrance. It was notice of the existence of a suit in chancery and required all persons dealing with the property to look at the *proceedings* to see whether it did affect the property or not." In other words, he must look to the complaint and see whether it states a cause of action, as we did in *Aldrich* v. *Bailey* (*supra*). This, we think, is and should be the limit of the rule. To require the purchaser to go outside and look up the evidence upon which an action was based and then determine whether

it could be maintained would impose upon him a burden which, we think, would be unjust and not warranted by the authorities. Whether the plaintiffs would have been required to construe the contract and to have determined whether the action could be maintained upon it is not necessary for us to now consider. Had the defendant produced the contract and shown to the plaintiffs that it was the only contract upon which Dalton's action was founded, the question might have been raised for our determination, but we think the plaintiffs were not required to look up the contract or the evidence upon which Dalton relied for the establishment of his claim. They cannot be compelled to purchase and then defend a lawsuit regularly commenced, in which the complaint states a good cause of action.

The judgment of the General Term should be reversed and that entered upon the verdict affirmed, with costs.

All concur.

Judgment accordingly.