(128 App. Div. 188.)

PORT JEFFERSON REALTY CO. v. WOODHULL.

(Supreme Court, Appellate Division, Second Department.    October 22, 1908.)

1. VENDOR AND PURCHASER (§ 130*)—CONTRACT TO CONVEY—MARKETABILITY OF TITLE.

Decedent having conveyed three acres, worth $45, without his wife joining, on his death she sued for admeasurement of her dower, and in 1879 an interlocutory judgment was entered, adjudging that one-third of the land be set off to her according to its value. No further proceedings were had, though under Code Civ. Proc. § 1607 et seq., the next necessary steps were the appointment of a referee to lay off a parcel, etc. Held, that one who contracted in 1899 to purchase 31 acres of land for $1,500, including such three acres, which vendor claimed through decedent's grantee, could not refuse to take title on the ground of unmarketability, since it must be presumed, after 20 years, that the widow had been settled with or had died; it also appearing that the widow died between the date of the contract and the day fixed for passing of title, though the purchaser did not know of her death until he rejected the title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. § 130.*]

2. DOWER (§ 81*)—DEATH OF WIFE—EFFECT.

An interlocutory judgment adjudging one-third of land to a widow became ineffective on her death, there being no money judgment.

[Ed. Note.—For other cases, see Dower, Dec. Dig. § 81.*]

Appeal from Trial Term, Suffolk County.

Action by the Port Jefferson Realty Company against Mary C. Woodhull. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Alexander S. Bacon, for appellant.
Timothy M. Griffing, for respondent.

GAYNOR, J.   The contract price was $1,500 for 31 acres which included the 3 acres the title of which is in dispute, and on which dispute the plaintiff refused to take the conveyance tendered.   The contract was made June 1, 1899, and the closing day was changed by a separate writing to June 1, 1900.   The title to the 3 acres comes through one Jones, who conveyed it in 1851 without his wife joining. He having died she commenced an action for the admeasurement of her dower in 1879 and a lis pendens was filed.   The defendant answered, among other things, that she was entitled to dower only according to the value of the land at the time her husband conveyed it.   The issues were tried by a referee who found that the value of the land at the time of such conveyance was $45, and an interlocutory judgment was entered on September 9, 1879, by which it was adjudged as follows:

"That the plaintiff recover of the defendant the possession of one third of the real property described in the complaint * * * and that said one third of said premises be admeasured and set off to the said plaintiff according to

their value when alienated in 1851, which was $45, their present value being $90."

The judgment was without costs. Nothing else was ever done in the action, so far as the record shows, and the widow died on December 26, 1899.

The purchaser was not justified in rejecting the title as unmarketable. The next step necessary to take in the dower suit was to appoint a referee or else commissioners to admeasure and lay off to the widow a distinct parcel of the land, or else report back to the court that that was not practicable or to the best interest of the parties, whereupon the court would in the final judgment award the widow a gross sum. Code Civ. Proc. § 1607 et seq. That this was not done raised a presumption after such a lapse of time—20 years and several months— that the widow had been settled with, or had died, and it was therefore for the purchaser to rebut that presumption by inquiry. Between the date of the contract and the day fixed for passing the title the widow did die, and the judgment with her, for there was no money judgment. That the purchaser did not know of her death when he rejected the title does not matter. After such a lapse of time it was for him to inquire. She died and was buried in the town where she and her husband had lived, and the land was. That a purchaser is not obliged to go outside of the lis pendens and the complaint to ascertain the truth of the allegations of the complaint (Simon v. Vanderveer, 155 N. Y. 377, 49 N. E. 1043, 63 Am. St. Rep. 683) does not affect this case. All of the facts, including the trifling amount involved in the dower suit, raised a presumption against the purchaser which it was for him to overcome; and an inquiry as to whether the widow had died would not be an inquiry as to the truth of the allegations of the complaint.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.