STELLA H. KEATING and ROSE H. TOSTEVIN, Appellants, *v.* ARTHUR HAMMERSTEIN and Others, Defendants, Impleaded with EMMA SWIFT HAMMERSTEIN, Individually and as Executrix, etc., of OSCAR HAMMERSTEIN, and HAMMERSTEIN OPERA COMPANY, Respondents.

First Department, April 1, 1921.

**Lis pendens — notice of pendency of action — action to recover judgment affecting title to or possession of real property — plaintiffs have absolute right to file notice of pendency — cancellation of notice in discretion of court on defendants giving security.**

An action in which the relief demanded is that the defendants account for damages to the extent of the value of the equity in certain premises, that the transfer of the said premises be adjudged to be in fraud of the rights of the plaintiffs, that the fee of the premises be impressed with a trust in favor of the plaintiffs to the extent of a judgment recovered by them, that said premises be sold to satisfy said judgment and that the defendants be enjoined and restrained during the pendency of the action from disposing of the property and from receiving or collecting any rents, is an action brought to recover a judgment affecting a title to, or the possession, use or enjoyment of real property, within the meaning of section 1670 of the Code of Civil Procedure, and the plaintiffs have the absolute right to file a notice of pendency of action.

The cancellation of the said notice was within the discretion of the court upon motion made and a showing that adequate relief could be secured to the plaintiffs either by the deposit of money or, in the discretion of the court, upon the giving of an undertaking.

As the purpose of the action was to impress a claim upon real estate for a definite sum, adequate relief could be secured to the plaintiffs by the giving of an undertaking in a suitable amount to secure the enforcement of their judgment.

APPEAL by the plaintiffs, Stella H. Keating and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of May, 1920, granting in part plaintiffs' motion to continue an injunction *pendente lite*, denying plaintiffs' motion for the appointment of a receiver and granting conditionally defendants' motion to cancel notice of pendency of action, and also from an order entered in said clerk's office on the 9th day of June, 1920, granting defendants' motion to modify said first order.

*Max D. Steuer* [*Jerome A. Strauss* with him on the brief, of counsel], for the appellants.

*Robert H. Elder* [*Frederick T. Kelsey* with him on the brief], for the respondents.

DOWLING, J.:

The original order which is appealed from granted a motion to cancel the *lis pendens* in this action upon the giving of an undertaking by the defendant Emma Swift Hammerstein in the sum of $20,000, and the order as modified reduced the amount thereof to $10,000. This action is brought in equity and the relief demanded is as follows:

*First.* That the damages sustained by the plaintiffs by reason of the acts of Oscar Hammerstein and the defendants Hammerstein Opera Company, Arthur Hammerstein, Emma Swift Hammerstein and Lyle D. Andrews be ascertained.

*Second.* That the said last three named defendants account to plaintiffs for the said damages to the extent of the value of the equity in the premises known as the Manhattan Opera House and the value of the leasehold in the premises known as Republic Theatre, and all the rents, issues and profits thereof received by them or any of them and that the plaintiffs have judgment against said defendants therefor.

*Third.* That the transfer of the premises known as Manhattan Opera House to Emma Swift Hammerstein, and the leasehold of premises known as the Republic Theatre to Arthur Hammerstein be adjudged to be in fraud of the rights of the plaintiffs, subject, however, to the rights of the defendant Gest as lessee and mortgagee of the Manhattan Opera

House and the rights of the defendant Woods as lessee of the Republic Theatre.

*Fourth.* That the fee of the premises known as Manhattan Opera House and the leasehold of premises known as Republic Theatre be impressed with a trust in favor of plaintiffs to the extent of such judgment and said premises be sold to satisfy said judgment subject to the rights of the defendant Gest in the Manhattan Opera House and the defendant Woods in the Republic Theatre.

*Fifth.* That the defendants Hammerstein Opera Company, Arthur Hammerstein and Emma Swift Hammerstein, individually and as executrix of the estate of Oscar Hammerstein, be enjoined and restrained during the pendency of this action from transferring, mortgaging, leasing or in any way incumbering the title to said premises.

*Sixth.* That the said defendants last named be enjoined and restrained during the pendency of this action from receiving or collecting any rents, issues or profits from the said premises, and from disposing of any rentals then in their hands and that a receiver of the rents be appointed.

*Seventh.* That the defendant Gest be enjoined from paying any rents or other charges to the Hammerstein Opera Company or Emma Swift Hammerstein, individually or as executrix, in connection with premises known as Manhattan Opera House.

*Eighth.* That the defendant Woods be enjoined in like manner from paying any rent to the defendant Arthur Hammerstein or to Emma Swift Hammerstein, individually or as executrix, in connection with the premises known as Republic Theatre.

The allegations in the complaint herein establish absolutely that this action is one brought to recover a judgment affecting the title to, or the possession, use or enjoyment of, real property, and that it is governed by the provisions of section 1670 of the Code of Civil Procedure, under which the notice of pendency of action herein was properly filed.

As was said by Mr. Justice CLARKE, in *Lindheim & Co.* v. *Central Nat. Realty & Construction Co.* (111 App. Div. 275): "It thus appears that, whether the complaint be good or bad, the purpose of the action is to have a lien upon real property

declared and enforced, and, therefore, the action is brought to recover a judgment affecting the title to, or possession, use or enjoyment of real property. Being so, the right to file the *lis pendens* was absolute;   *   *   *   and having been properly filed, it could not be canceled except pursuant to section 1674 of the Code of Civil Procedure. (*Beman* v. *Todd*, 124 N. Y. 114.) "

This opinion was quoted with approval in *Small Realty Co.* v. *Strauss* (162 App. Div. 658). In the opinion in the *Lindheim Case* (*supra*) this court cited with approval the language used by Mr. Justice KELLOGG in *St. Regis Paper Co.* v. *Santa Clara Co.* (62 App. Div. 538): " If the complaint discloses the clear purpose to be a recovery of judgment affecting real property, its use, possession, or enjoyment, the right to file a *lis pendens* is assured by section 1670   *   *   *. The contest over all matters set forth in the complaint, as also over the sufficiency of the complaint, or of the facts therein stated, or of the right to maintain the action, must all be fought out in the action itself.   *   *   *   It is only where it is apparent from the complaint that the action is *not* ' brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property,' that is, that such is not the *purpose* of the action, that a court on motion may direct the cancellation of the record of the notice on grounds other than those prescribed in section 1674."

The plaintiffs being entitled to file their notice of pendency of action as a matter of right, the cancellation thereof would be permissible in the discretion of the court pursuant to the provisions of section 1671 of the Code of Civil Procedure. Down to September 1, 1905, when chapter 60 of the Laws of 1905 took effect, amending said section, the only provision permitting the cancellation of a notice of pendency of action was that contained in section 1674, which applied to judgment creditors' actions only, but by the amendment in question provision was made in section 1671 whereby in any action, other than one to foreclose a mortgage or for the partition of real property or for dower or where provision was otherwise expressly made (which, therefore, included judgment creditors' actions), the notice of pendency might be canceled upon proper notice where it appeared to the court upon motion made

that adequate relief could be secured to the plaintiff either by the deposit of money or, in the discretion of the court, upon the giving of an undertaking. In this case, adequate relief can be secured to the plaintiffs by the giving of an undertaking in a suitable amount to secure the enforcement of their judgment against the real property when obtained. The fair and reasonable construction of the complaint herein is that plaintiffs are seeking to establish and impress a claim upon real estate for the sum of $175,000, and, therefore, the amount of the undertaking to be given by defendants as a condition for the cancellation of the notice of pendency of action, should be $200,000, which will cover the amount of said claim, with interest and costs.

The orders appealed from in so far as they provide for the cancellation of the notice of pendency of action herein are hereby reversed, with ten dollars costs and disbursements in each case to the appellants, and the respondents' motion to cancel the notice of pendency of action is granted only upon condition that they give a proper undertaking in the sum of $200,000, within ten days after the entry of an order herein, said undertaking to be approved by the court.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Orders, so far as they provide for cancellation of notice of pendency of action, reversed, with ten dollars costs and disbursements, and motion to cancel such notice granted only on condition stated in opinion.