INTERBORO OPERATING CORPORATION, Appellant, v. COMMONWEALTH SECURITY AND MORTGAGE CORPORATION, Respondent.

(Submitted October 4, 1935; decided November 19, 1935.)

*Samuel L. Marcus* and *Eli Bensky* for appellant. The right of the plaintiff to file a *lis pendens* is disclosed by the allegations in the complaint. (*Andrews* v. *Hancock*, 128 Misc. Rep. 800; *Kauffman* v. *Simis*, 156 App. Div. 208; *Mills* v. *Bliss*, 55 N. Y. 139; *Schomacker* v. *Michaels*, 189 N. Y. 61; *Bachman* v. *Wagner*, 61 Hun, 625; *Lindheim & Co.* v. *Central National Realty & Construction Co.*, 111 App. Div. 275; *McCrum* v. *Lex Realty Co.*, 113 App. Div. 58; *Lafayette Forwarding Co.* v. *Rothbart Garage Operators, Inc.*, 205 App. Div. 247; *Faber* v. *Hanbury*, 159 App. Div. 59; *Jones* v. *Armenia Ins. Co.*, 136 App. Div. 453.) The vendee has a lien in equity for the down payment even after rescinding the contract, if the reason therefor is the default on the part of the vendor. (*Wythe* v. *Lee*, 3 Drewry's Rep. 396; *Rose* v. *Watson*, 10 H. L. Cas. 672; *Occidental Realty Co.* v. *Palmer*, 117 App. Div. 505; *Zeiser* v. *Cohen*, 207 N. Y. 407; *Giarratano* v. *McIlwain*, 215 App. Div. 644; *Holden* v. *Efficient Craftsman Corp.*, 234 N. Y. 437; *Abramowitz* v. *Fraccalvieri*, 227 App. Div. 418.)

*George M. Welch* for respondent. A *lis pendens* may only be filed in an action affecting the title to or the possession, use or enjoyment of real property. (Civ. Prac. Act, § 120; *Bissell* v. *Taylor*, 229 App. Div. 369; *St. Regis Paper Co.* v. *Santa Clara Co.*, 62 App. Div. 538; *Brox* v. *Riker*, 56 App. Div. 388.) The right to file a *lis pendens* depends upon the purpose of the action as disclosed by

the allegations of the complaint. Its character is not determined by the prayer for judgment. (*Brox* v. *Riker*, 56 App. Div. 388; *Fitzsimmons* v. *Drought*, 15 App. Div. 413; *Krainin* v. *Coffey*, 119 App. Div. 517; *Kauffman* v. *Simis*, 156 App. Div. 208.) The plaintiff having elected to rescind the contract and to sue for damages, no contract exists upon which a lien can be predicated and the action, consequently, is not one to recover a judgment affecting the title to or the possession, use or enjoyment of real property. (*Davis* v. *Rosenzweig Realty Co.*, 192 N. Y. 128; *Elterman* v. *Hyman*, 192 N. Y. 113; *Goodman* v. *Schwab*, 136 App. Div. 583; *Flickinger* v. *Glass*, 222 N. Y. 404; *Whiting* v. *Glass*, 217 N. Y. 333.)

O'BRIEN, J. A contract between these parties for the sale and purchase of real property provides that all sums paid on account and the reasonable expense of examining title are made liens. After plaintiff as vendee had made a down payment to defendant as vendor and had incurred expenses for examining the title, it rescinded the contract on the ground of fraud and brought this action for the purpose of foreclosing its vendee's lien and filed a notice of *lis pendens*. Defendant moved to cancel the notice on the ground that this action is not one to recover a judgment affecting the title to real property. At Special Term the motion was denied but the Appellate Division reversed on the law and certified to this court the question: " Should the defendant's motion to cancel the notice of pendency of action have been granted? "

Section 120 of the Civil Practice Act authorizes the filing of a notice of *lis pendens* in an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property. If the purpose of this action, as disclosed by the complaint, is to foreclose a lien on real property, then certainly this is such an action as falls within the contemplation of section 120. Perusal of the allegations of the complaint leaves no room for

doubt that the purpose of this action is the foreclosure of a lien on real property and, therefore, that it is an action brought to recover a judgment affecting the title to real property. The Appellate Division based its reversal on the ground that plaintiff, having rescinded and repudiated the contract for fraud at its inception, cannot have a lien on the premises and relied for this proposition on the decisions by this court in *Elterman* v. *Hyman* (192 N. Y. 113) and *Davis* v. *Rosenzweig Realty O. Co.* (192 N. Y. 128). Whether this court, when the question is properly presented, will regard these cases as controlling in their application to the case at bar is a question in which some doubt may be involved. Yet even if accepted as binding precedents on the merits, the question is not now before us. The ultimate result of litigation may not be decided on an interlocutory motion of this character. Since the purpose of the action is one enumerated in section 120 of the Civil Practice Act, the notice of pendency may not be canceled for the reason that a court, looking into the future, may conclude that plaintiff will not on the merits finally prevail. So long as this action is pending, the notice may not be canceled. (*Mills* v. *Bliss*, 55 N. Y. 139; *Schomacker* v. *Michaels*, 189 N. Y. 61, 65; *Beman* v. *Todd*, 124 N. Y. 114; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 62 App. Div. 538.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.