RENEE GOLDMAN, Plaintiff, *v.* WEST HOLDING CORP., Defendant.

Supreme Court, Special Term, New York County, March 24, 1950.

*Baron & Baron* for defendant.

*Joel J. Weiner* for plaintiff.

EDER, J. Motion to vacate and discharge of record notice of pendency of action is denied.

The parties entered into a contract of sale of real property; on the date when the parties met for the closing of title the plaintiff, vendee, rejected title on the ground that the survey indicated encroachments, which, in the opinion of the plaintiff and plaintiff's attorney, rendered the title unmarketable. Plaintiff then and there demanded the return of the sum of $8,000 which had been paid on the signing of the contract, plus the sum of $292 for title company charges. This demand was refused. This action results; plaintiff asks that it be adjudged that she have a lien upon the real property in concern for the aforementioned sums, with interest; that the property be sold to satisfy the lien and that if the proceeds of the sale, interest and costs prove inadequate to satisfy the lien, interest and costs in full, that plaintiff have judgment against defendant for any deficiency.

A copy of the contract of sale is annexed to the complaint and made part thereof.

A provision of the contract provides that in the event that the seller shall be unable to convey marketable title, the purchaser may, at his election, accept such title as the seller is able to convey, without any claim on the part of the purchaser for abatement for defects or objections, or may rescind the contract, and upon such rescission the purchaser shall be entitled to a return of the sum paid at the time of the signing of the contract, plus net title company charges, if the purchaser has ordered title insurance, and upon such repayment the contract shall be null and void and of no force and effect and the seller shall then be under no obligation or liability to the purchaser for any damages she may have sustained by reason of the seller's failure to convey title under the contract.

The notice of pendency of action was filed under the provisions of section 120 of the Civil Practice Act, which author-

izes the filing of such notice in an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property.

The premise upon which this motion of defendant proceeds is that the contract of sale having been rescinded by plaintiff, the action herein does not affect the real property or the title, possession or use thereof, and in this connection it is argued that under the terms of the contract of sale the purchaser had one of two alternatives, viz., she could either accept such title as was offered, or she could rescind the contract and demand the return of the deposit, plus net title company charges.

It is stated that plaintiff chose the latter alternative, rescinded the contract and demanded the return of the deposit, plus the title company charges, and that under such circumstances the position of the purchaser was that there was no longer a valid and subsisting contract between the parties and hence the action is merely one to recover such moneys, one at law for the return of moneys paid, that there is no longer any contract in existence upon which a lien can be predicated, that the action is not one affecting real property, such as is contemplated by section 120 and hence the *lis pendens* heretofore filed by plaintiff should accordingly be cancelled and discharged of record.

The contract of sale, however, contains the following provision: " All sums paid on account of this contract, and the reasonable expenses of the examination of the title to said premises are hereby made liens thereon, but such liens shall not continue after default by the purchaser under this contract."

Movant argues that this provision cannot survive the cancellation and rescission of the contract by the purchaser.

A perusal of the complaint leaves no doubt that the purpose of this action is the foreclosure of a lien on real property and, therefore, it is an action brought to recover a judgment affecting the title to real property.

While movant's brief cites cases claimed to support the premise upon which the instant application proceeds, I am not in accord therewith. Independent research discloses the case of *Interboro Operating Corp.* v. *Commonwealth Security & Mtge. Corp.* (269 N. Y. 56) involving a similar situation and therein it is held that the action is one coming within the ambit of section 120, and that the defendant's motion to cancel the notice of pendency of action should not have been granted. The Appellate Division reversed, on the law, an order of Special Term denying the defendant's motion to cancel the notice of pendency of the action and granted the motion. It based its reversal on

the ground that plaintiff, having rescinded and repudiated the contract for fraud at its inception, cannot have a lien on the premises, and certified the following question: "Should the defendant's motion to cancel the notice of pendency of action have been granted?"

The Court of Appeals stated that since the purpose of the action was one enumerated in section 120, that so long as the action was pending, the notice may not be cancelled.

For the reasons stated, the motion is denied.