Hugh S. Coyle, J.
This is a motion by respondents for an order canceling a lis pendens filed herein on the 16th day of April, 1963, in the office of the Clerk of the County of Westchester on the ground that said Us pendens has been filed in a proceeding which does not authorize such a filing, and upon the further ground that the said proceeding has been dismissed by order of this court for the reason that it is not available to the petitioner and, therefore, there is no action or proceeding pending which can be the subject of a lis pendens.
Petitioner, Elna Construction Co., Inc., was the highest bidder at a public auction authorized by respondents for the purchase of a parcel of unimproved real property, having bid $720,000, and duly executed a ‘ ‘ Bid for Purchase of Property owned by the City of Yonkers ”.
*255 The terms and conditions of the sale as outlined in the Bid for Purchase provided that the sale was subject to “ (A) Zoning restrictions of the City of Yonkers ”, and “(B) Any and all easements, covenants, restrictions and agreements of record, or otherwise, affecting said premises. Provided same does not prevent the use of the premises for the purposes for which they are presently zoned ’ ’.
It is the contention of the petitioner, and not denied by the respondents, that between the time of the bid by petitioners, and the time within which the Common Council’s vote on whether or not to accept the bid, individual respondents (unnamed) informed petitioner that they would cause the Council to reject petitioner’s bid unless it agreed to accept a deed to the real property restricting the premises to nonresidential uses. The premises are now zoned to permit residential use as well as nonresidential purposes (Zone BA) and it appears that petitioner bid in the property in order that it might construct an apartment dwelling thereon.
Petitioner refused to consent to the proposed use restriction and the Common Council rejected petitioner’s bid. Thereafter petitioner commenced a proceeding in this court under article 78 of the Civil Practice Act seeking to review respondents’ resolution and rejection of its bid, and to have said resolution and rejection annulled and to require the Council to accept petitioner’s bid in accordance with the terms and conditions of sale. Mr. Justice Supple, sitting in this court, by order dated April 29, 1963 dismissed the petitioner’s petition. On May 3, 1963, petitioner served a notice of appeal upon respondents.
It is the contention of the respondents that a petition, pursuant to article 78 of the Civil Practice Act, is not such an “ action ” which authorizes the filing of a notice of lis pendens, pursuant to section 120' et seq. of the Civil Practice Act. Although it is not suggested by respondents who are the applicants in this proceeding, that the review sought does not involve an interest in real property, they urge, as a prerequisite to the filing of a lis pendens, an action pursuant to section 120 of the Civil Practice Act must be pending, and that the instant proceeding is not such an action.
This court does not share the respondents’ view on the subject. Section 120 permits the filing of a Us pendens in any “ action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property ”. From a review of the authorities the court is of the opinion that under section 120 it is sufficient if the right asserted by petitioner is of a character that would affect the possession of real property, *256 and the action is one wherein the judgment or relief requested would be binding, not only upon the respondents but upon its successors in title. If the primary purpose of the complaint or petition is to obtain relief affecting title to real property, the filing of a lis pendens is proper, although there is additional relief sought incidental to such primary purpose. Petitioner’s primary purpose is to compel the Council to deliver a deed to realty in accordance with the terms of its bid, thus the petitioner’s prayer for relief is akin to an action for specific performance. A lis pendens is properly filed in an action seeking specific performance involving title or possession of real property. (17th Ave. & 73rd St. Corp. v. Ocean Operating Corp., 215 App. Div. 106; Small Realty Co. v. Strauss, 162 App. Div. 658.)
Were the court to hold otherwise in this motion irreparable harm would be done to petitioner’s position. Respondents seek a cancellation of the lis pendens, as stated in their moving papers, for the purpose of readvertising the premises for sale. If petitioner is unsuccessful on its appeal no intervening purchaser would have been damaged and no loss sustained to the petitioner, but if the property is disposed of by the Council, and thereafter the petitioner is successful on the appeal, great damage would result. The mere fact that petitioner has not been successful to date upon its petition which was, as heretofore stated, dismissed in and of itself does not establish a basis for the cancellation of the lis pendens. In an application for the cancellation of a lis pendens, the court may not consider the merits of the action or the ability of the plaintiff to successfully maintain the action. (Interboro Operating Corp. v. Commonwealth Security & Mtge. Corp., 269 N. Y. 56; Siegel v. Silverstone, 250 App. Div. 784; Smadbeck v. Law, 106 App. Div. 552; Schomacker v. Michaels, 189 N. Y. 61.)
Respondents contend that the lis pendens herein should be cancelled because petitioner’s action seeks to review a legislative act of the Common Council, and because the decision on petitioner’s application held that an article 78 proceeding was not a remedy available to petitioner. Both of these contentions involve the merits of petitioner’s action and, as such, are not proper grounds for canceling the lis pendens. Until such time as the litigation has been disposed of on appeal either by an adjudication thereof or by a dismissal, the lis pendens will be permitted to stand.