■ JAMES A. TWAITE et al., Appellants, v BUCKHORN ESTATES, INC., Respondent. — Appeal from that part of an order of the Supreme Court at Special Term (Harlem, J.), entered December 17, 1979 in Delaware County, which granted defendant's motion to amend a notice of pendency filed by plaintiffs in an action against defendant. At the time of signing an "Offer to Purchase" certain real estate, plaintiffs deposited with defendant $2,000 which was to be deducted from the $20,000 purchase price. The offer described the real estate as a "14 acre tract-M7 & M6" and "Lake Rights on Great Lot 35 Zweifel Tract and Letter of use of all property." No map was annexed to or made a part of the written agreement. Subsequently, questions arose as to the terms of the sale, and, as a result, there was no title closing. Plaintiffs then served a summons and verified complaint on defendant seeking, *inter alia,* foreclosure on a vendee's lien in the amount of $2,000 and alleged that the lien extended to all property owned by defendant which was acquired by a deed from Charles F. Zweifel, Jr., Lenora Zweifel and Rea L. Solomen (Zweifel-Solomen deed). On October 11, 1979, plaintiffs filed a notice of pendency in the Delaware County Clerk's office covering the real property described in the complaint. On December 10, 1979, defendant moved by order to show cause for an order canceling the notice of pendency or, in the alternative, limiting the notice to "real property covered by a contract entered into between the parties to this action on or about the 12th day of June, 1979". Special Term ruled that the notice of pendency, while lawfully filed, was overbroad and amended the notice to cover only a portion of the property described in the Zweifel-Solomen deed. This appeal by plaintiffs followed. Plaintiffs contend that Special Term erred in amending the notice of pendency to cover only a portion of the land described by the Zweifel-Solomen deed. We agree. The order amending the notice of pendency should be modified so as to deny defendant's motion to amend. CPLR 6514 (subd [b]) allows the court to cancel a notice of pendency "if the plaintiff has not commenced or prosecuted the action in good faith". Special Term found "that the notice of pendency [was] lawfully filed, but that the description of the property * * * [was] overbroad". However, "[a] notice of pendency may not be canceled for the reason that a court, looking into the future, may conclude that plaintiff will not on the merits finally prevail" *(Interboro Operating Corp. v Commonwealth Security & Mtge. Corp.,* 269 NY 56, 59). It is improper to amend a notice of pendency when, as here, the

allegations of the complaint state a cause of action affecting title or possession, use or enjoyment, of property described in the notice of pendency. Order modified, on the law, by reversing so much thereof as granted defendant's motion to amend the notice of pendency filed by plaintiffs, and motion to amend denied, and, as so modified, affirmed, with costs to plaintiffs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.