OPINION OF THE COURT
Alfred J. Weiner, J.
This is an action to set aside and vacate a conveyance of land and declare that a judgment obtained by the plaintiffs be adjudged a valid lien against the subject premises. A trial was held on April 12, 1985.
On or about December 27, 1979, the plaintiffs loaned to the defendant, Maria Caiati, the sum of $117,777.77. In consideration for that sum, Maria Caiati executed a promissory note which stated that the plaintiff was authorized to obtain a lien against any of her assets until the full amount was paid. However, no mortgage or other security agreement was executed by defendant to secure the loan. Caiati failed to make payments in accordance with the note and plaintiffs commenced an action for a sum of money only in Schenectady *339 County Supreme Court on June 28, 1980, that resulted in a money judgment in the sum of $117,777.77, with interest from May 1, 1980, on July 6, 1982.
On or about July 18, 1980, Caiati conveyed the subject real property to defendant, Mesto. An action was commenced in Rockland County on August 26, 1980 to set aside that conveyance of property. A notice of pendency and complaint of that action was filed in the Rockland County Clerk’s office on August 26, 1980. Also attached to this complaint was a copy of the complaint in the action for a sum of money only, commenced in Schenectady County. On May 9, 1981, Mesto reconveyed the property back to Caiati.
On May 3, 1979, defendants, DiBenedetto and Nigro, loaned the sum of $25,000 to Caiati which was secured by a note and mortgage on this property. On May 12, 1981, DiBenedetto and Nigro loaned an additional sum of $16,859 to Caiati which was also secured by a note and second mortgage on the property. Additional loans were subsequently made by DiBenedetto to Caiati in the total sum of $12,580. He also paid utility bills on the property in the sum of $758.90, and real estate taxes in the sum of $2,874.35. He further made certain repairs which improved the property. On January 21, 1982, Caiati conveyed the real property to DiBenedetto and Nigro. Nigro conveyed her interest in the real property to DiBenedetto on April 30, 1982.
Plaintiffs now seek to set aside this conveyance. They contend that the notice of pendency filed by them on August 26, 1980 against the property constituted notice to all subsequent purchasers that an action was pending that might affect their interest. They also contend that the filing of the notice of pendency, until such time that the underlying action was completely disposed of, or until it was canceled pursuant to CPLR article 65, preserved their right to look to this property to satisfy the money judgment they obtained against Maria Caiati.

Defendants contend that the notice of pendency was nullified and abated once the real property was reconveyed to Maria Caiati on May 9, 1981.

A notice of pendency may be filed in any action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property. A person whose conveyance or encumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after *340 such filing to the same extent as if he were a party. (CPLR 6501.) A notice of pendency shall be effective for a period of three years from the date of filing. (CPLR 6513.) Additionally, CPLR 6514 provides for cancellation of a notice of pendency by motion. The defendants failed to make an application to cancel the notice of pendency pursuant to CPLR 6514.
The notice of pendency does not create an encumbrance or a lien but merely provides notice that an action is pending which may affect title to real property. (Simon v Vanderveer, 155 NY 377; 13 Carmody-Wait 2d, NY Prac §87:73.) The notice of pendency is not an injunction and does not restrain the conveyance of land. It may be ignored, but, of course, at the peril that a decision adverse to the grantor may be rendered, in which event the grantee’s title would be affected by the judgment to the same extent as if he were a party to the action. (Fiddlers Green Assn, v Construction Corp. of Long Is., 20 Misc 2d 473.) The mere pendency of an action to establish a lien upon land does not of itself, nor does a duly recorded notice of its pendency, make the title defective or create a lien on the land. (13 Carmody-Wait 2d, NY Prac § 87:81; Hayes v Nourse, 114 NY 595.)
Accordingly, the filing of a notice of pendency and its effectiveness as far as binding defendants to the outcome of the underlying action depends solely on an examination of that underlying action. If the underlying action affecting real property is no longer pending, the notice of pendency becomes ineffective. (Schoepp v State of New York, 69 AD2d 917.)
In this action, Maria Caiati conveyed the real property to Mesto on July 15, 1980 and the notice of pendency and complaint alleging the fraudulent transfer were filed on August 26, 1980. However, on May 9, 1981, the real property was reconveyed by Mesto to Maria Caiati. Accordingly, the very relief requested by the plaintiffs in their underlying action based on a fraudulent conveyance was achieved by this voluntary reconveyance. Since the purpose of the notice of pendency is only to provide notice of the action affecting real property, the reconveyance to Caiati satisfied the purpose for which the action was brought and made the notice of pendency ineffective. The fact that the complaint for the sum of money only was attached as an exhibit to the complaint for the fraudulent conveyance is of no consequence since a notice of pendency can only be filed in an action affecting real property only. (CPLR 6501.)
*341 The plaintiffs further allege that even if the notice of pendency is invalid, the conveyance from Caiati to DiBenedetto and Nigro on January 21, 1982 was wholly without any consideration and was intended to hinder and defraud the plaintiffs. Defendants contend the conveyance was not fraudulent and was made for fair consideration.
Payment of an antecedent debt is fair consideration for the transfer of property. (Matter of International Ribbon Mills [Arjan Ribbons], 42 AD2d 354; Debtor and Creditor Law § 272.) Additionally, the burden of proof is on a creditor seeking to set aside a conveyance as fraudulent to establish that the conveyance was made without fair consideration. (Gelbard v Esses, 96 AD2d 573.) Furthermore, what is fair consideration for a conveyance must be determined on facts of each particular case in which it is claimed that a conveyance was fraudulent. (Gelbard v Esses, supra.)
In this case, defendants, DiBenedetto and Nigro made loans in the sum of $41,859 secured by mortgages and unsecured loans in the sum of $12,580 to Maria Caiati. Also, DiBenedetto paid utility bills in the sum of $758.90; real estate taxes in the sum of $2,874.35, and made repairs that improved the property.
Accordingly, the court finds that fair consideration was paid when the real property was conveyed by Caiati to DiBenedetto and Nigro.
Therefore, plaintiffs’ complaint is dismissed.