OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversing so much thereof as affirmed the injunction against plaintiff and any corporation of which he is a shareholder and, except as so modified, the order should be affirmed, with costs to plaintiff.
Plaintiff and his three siblings (the individual defendants) charged wrongdoing and misappropriation against each other in connection with their food and game vending machine business, Hot Coffee Vending Service, Inc. The court after trial rejected plaintiff’s claims of oppression, waste and breach of fiduciary duty by defendants, and instead concluded that plaintiff himself had breached his fiduciary duties as a corporate officer, misappropriated Hot Coffee’s property and diverted its business opportunities. In particular, the court found that, while a Hot Coffee officer, plaintiff had surreptitiously organized Top Score Fun 'N Food in his own name and for his own benefit, and had thereby diverted business opportunities and property from Hot Coffee. The court specifically identified as lost business opportunities the Top Score facilities at Hunter College and the Madison Square Garden Bowling Center, as well as relations with the College of the City of New York. While plaintiff contended at trial that he had acted at the direction of defendant Bernard Wolff in operating these businesses for himself only after he had been wrongfully frozen out of the corporation, the affirmed findings of the trial court rejecting this as well as additional arguments tendered by appellant have support in the record and are therefore beyond our review (see, Humphrey v State of New York, 60 NY2d 742).
Plaintiff now contends that it was error for the courts below to impose an injunction against competition by him (or any *641 Corporation of which he is a shareholder) with the business of Hot Coffee, and specifically against doing business at the Madison Square Garden Bowling Center, arguing that such an injunction — unbounded by time or geography — in effect deprives him of an opportunity to earn a livelihood. Indeed, the purpose of an injunction being remedial and not punitive (see, May’s Furs & Ready-to-Wear v Bauer, 282 NY 331, 343), we agree that the courts below abused their discretion in enjoining plaintiffs legitimate competition with Hot Coffee. Even an otherwise valid covenant not to compete will not be enforced if it would be unreasonable in time, space or scope, or would operate in a harsh or oppressive manner (see, American Broadcasting Cos. v Wolf, 52 NY2d 394, 403-404).
We do not, however, find merit in plaintiffs remaining arguments. First, while he urges that the business was not a corporation but a family joint venture, and that corporate fiduciary standards are inapplicable, the conclusions below regarding corporate status are amply supported by the record, including plaintiffs own admissions. Second, Hot Coffee being a corporation, we agree with the Appellate Division that property found to have been misappropriated by respondent Bernard Wolff should be returned to the corporation rather than to its shareholders. Finally, there is no anomaly in the direction that plaintiff account to Hot Coffee for diversions of its assets, contracts and business opportunities, until the date of settlement of the account, even though his shares are to be valued as of the day prior to the date upon which his complaint was filed. This relief was imposed not for breaches of fiduciary duty committed after the date of dissolution and valuation, but for wrongs to the corporation while plaintiff served as its officer. Where, as here, an officer has been found to have diverted corporate assets and opportunities, he may be held accountable for the fruits of his wrongdoing (see, Blaustein v Pan Am. Petroleum & Transp. Co., 293 NY 281, 300; New York Trust Co. v American Realty Co., 244 NY 209, 216; Restatement [Second] of Agency § 403).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 ÑYCRR 500.4), order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to plaintiff.