In re AMERICAN MOTOR CLUB,
INC., Debtor.

AMERICAN MOTOR CLUB,
INC., Plaintiff,

v.

Marie NEU, a/k/a Maria
Dunmore, Defendant.

Bankruptcy No. 887–70763–260.
Adv. No. 188–0093.

United States Bankruptcy Court,
E.D. New York.

Jan. 18, 1990.

Berkman, Henoch, Peterson, Kadin, Peddy & Scarcella, Garden City, N.Y. by Michele Gapinski, for debtor.

Philip Irwin Aaron, P.C., Jericho, N.Y. by Philip Irwin Aaron, for Creditors' Committee.

Rosner & Goodman, New York City by Andrew J. Goodman, for defendant.

## DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

Before this court is a motion within an adversary proceeding seeking the cancellation of a notice of pendency (or *lis pendens*)[1] filed by the plaintiff on certain real property owned by the defendant. For the reasons stated below, this Court holds that the motion to cancel the notice of pendency is denied.

## FACTS

The debtor herein, American Motor Club, Inc. ("AMC", "debtor" or "plaintiff"), filed a petition for relief under Chapter 11 of the Bankruptcy Code and has been continuing in possession of its business pursuant to § 1107. It instituted the above-captioned adversary proceeding seeking restitution for property purportedly purchased with corporate funds by Marie Neu ("Mrs. Neu" or "defendant").

The complaint alleges that Mrs. Neu, a director of AMC at the time of the occurrence, was the recipient of at least $300,000 of the debtor's monies which she used to pay all or a majority of the downpayment on a property known as Westfield Road,

---

1. Although technically there are differences between the doctrine of *lis pendens* at common law and the statutory provisional remedy of notice of pendency, since the CPLR uses the phrase "notice of pendency" and the bench and bar more often uses the term *"lis pendens,"* this Court will use them interchangeably. *See generally,* 75 NY JUR. 2D *Lis Pendens* § 1 (1989).

Bedford, New York ("the property") in which she presently resides. Mrs. Neu is the sole legal title holder to the premises.

The plaintiff seeks in alternative pleadings a declaratory judgment that the debtor is the equitable title holder of the subject premises since Mrs. Neu purchased the property with the debtor's funds at a time when she was acting as a director of the debtor corporation ("Count I"), an accounting and a recoupment of the diverted monies ("Count II"), and a declaratory judgment that the premises be held in constructive trust for the benefit of the debtor's estate as a result of a transfer to Mrs. Neu from her husband in his capacity as a director of the debtor corporation ("Count III"). The defendant did not answer the complaint but responded by moving to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012 on the grounds that it fails to state a claim upon which relief can be granted. The motion to dismiss asserts that AMC is not entitled to equitable title because the $300,000 in alleged misappropriated funds represents only a fraction of the $1,450,000 purchase price and even a smaller fraction of the $1,600,000 present market value of the property. The motion was adjourned *sine die* pending the resolution of a motion to disqualify the attorneys for the defendant which was denied by this Court. The motion to dismiss was never restored to the calendar and the Court awaits an application by the parties to go forward with the motion.

In connection with the action, more specifically Counts I and III, the debtor filed a notice of pendency or *lis pendens* on the property approximately three months after the commencement of the adversary proceedings in order to restrict the alienability of the premises pending the outcome of the lawsuit. Mrs. Neu makes the instant motion to strike the *lis pendens* on essentially the same grounds as the motion to dismiss, to wit, the relative insignificance of the "fund" in relation to the purchase price of the property and its value. Mrs. Neu further argues that AMC's allegations in the complaint support no more than a money judgment and as a result, a notice of pend-

ency is improper in that there is no direct relationship between the claim and the premises.

## DISCUSSION

Section 6501 of the New York Civil Practice Law and Rules ("CPLR") provides that a notice of pendency "may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." The purpose behind this remedy is:

to protect some right, title, or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in the event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim, to put all potential buyers on notice that the ownership of the real property is subject to a pending lawsuit, and to insure that a court retains its ability to effect justice by preserving its power over the property regardless of whether a purchaser had any notice of the pending suit.

75 NY JUR. 2D *Lis Pendens* § 3 (1989). A notice of pendency does not prevent a sale of the property and does not create a lien or encumbrance on the property. It merely allows the plaintiff to prosecute its lawsuit to the execution of a judgment by putting the world on constructive notice that the property is the subject of a pending lawsuit. *Simon v. Vanderveer*, 155 N.Y. 377, 49 N.E. 1043 (1898); *Colombo v. Caiati*, 129 Misc.2d 338, 493 N.Y.S.2d 244 (1985); *Will of Sabatino*, 90 Misc.2d 56, 393 N.Y. S.2d 671 (1977).

A motion to cancel a notice of pendency is governed by § 6514 of the CPLR. Section 6514(a) refers to mandatory cancellation and provides that the court, upon motion, *shall* cancel a notice of pendency where there is a procedural defect including lack of service of the summons and discontinuation of the underlying action. While the defendant in the case at bar stresses on several occasions that the *lis pendens* was filed without notice to her or her counsel, there is no assertion in the

instant motion that the *lis pendens* should be cancelled as procedurally defective. More applicable to this proceeding is the discretionary cancellation provision of § 6514(b)[2] which has been interpreted to encompass such grounds as failure of the complaint to state a cause of action affecting real property. *See, e.g. 5303 Realty Corp. v. O & Y Equity Corp.,* 64 N.Y.2d 313, 476 N.E.2d 276, 486 N.Y.S.2d 877, 48 A.L.R.4th 715 (1984); *Twaite v. Buckhorn Estates, Inc.,* 84 A.D.2d 632, 444 N.Y.S.2d 278 (3d Dept.1981).

The appropriateness of a notice of pendency must stand upon the allegations in the pleadings and the court should look to the primary purpose of the action, as set forth in the complaint. *Will of Sabatino, supra.* Much like a motion for summary judgment, in determining whether authority exists for filing a *lis pendens,* the court should examine whether the relief is proper when all allegations in the complaint are taken as true. *Schlaifer v. Shelby–Coleridge, Inc.,* 206 Misc. 315, 131 N.Y.S.2d 462 (1954); *Richards v. Chuba,* 195 Misc. 732, 91 N.Y.S.2d 197 (1949). The court then determines if the lawsuit directly relates to the property or merely involves it indirectly. The test is whether the plaintiff makes claim to some right, title, or interest in the lands of the defendant which might be lost under the recording acts in the event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim. *Braunston v. Anchorage Woods, Inc.,* 10 N.Y.2d 302, 178 N.E.2d 717, 222 N.Y.S.2d 316 (1961).

The issue arises as to how deeply a court should probe into the underlying cause of action when a motion is made to cancel a *lis pendens.* There is no unanimity on the subject. A large majority of the courts of the State of New York have concluded that a notice of pendency may not be cancelled for the reason that a court, looking into the future, may conclude that the plaintiff will not prevail on the merits.

See 5303 Realty Corp. v. O & Y Equity Corp., supra; Interboro Operating Corp. v. Commonwealth Security & Mtge. Corp., 269 N.Y. 56, 198 N.E. 665 (1935); Twaite v. Buckhorn Estates, Inc., supra; Gross v. Castleton Housing Corp., 271 A.D. 980, 68 N.Y.S.2d 393 (1947); Deerfield Bldg. Corp. v. Yorkstate Industries, Inc., 77 Misc.2d 302, 353 N.Y.S.2d 331 (1974); Elna Const. Co. v. Flynn, 39 Misc.2d 254, 240 N.Y.S.2d 581 (Sup.Ct.1963). On the other hand, at least one court has chosen to examine into the merits. Hercules Chemical Co., Inc. v. VCI, Inc., 118 Misc.2d 814, 462 N.Y.S.2d 129 (1983) (due process requires that § 6514 be read to grant authority to authorize discovery and consider underlying merits of action where an aggrieved property owner moves to cancel a lis pendens ). This Court adopts the majority view and concludes that the merits should not be examined as on a trial of the case, but merely that consideration should be given to the pleadings to assure that the allegations in the complaint, when read in their entirety, possibly entitle the plaintiff to its prayer for relief as specified in the "wherefore clause."

The defendant's primary basis for its motion is that the complaint filed in the adversary proceeding does not support the filing of a *lis pendens* on the ground that it fails to state a claim upon which relief can be granted affecting title to the real property. The thrust of this argument is that the complaint supports no more than a money judgment and the allegations bear no direct relationship to the subject property. It should be noted at the outset that the fact that AMC has alternatively asked for money damages in Count II of the complaint does not serve as a waiver of its claim to the property and thus has no relevancy to the validity of the notice of pendency. *Balsam v. Axelrod,* 102 Misc.2d 1000, 1001, 424 N.Y.S.2d 814, 816 (Sup.Ct. 1979).

2. CPLR § 6514(b) provides:
 *Discretionary Cancellation.* The court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith.

■ The defendant argues that the only relationship between AMC and the premises arises out of the plaintiff's "unproven allegation" that Mrs. Neu used the funds for the downpayment in the purchase of the premises; therefore, since the property is unrelated to the money she allegedly received, the most AMC has is a claim for money damages. This argument fails in that the plaintiff's allegation need not be proven before a valid notice of pendency may lie. If AMC's allegations in its complaint are to be taken to be true and the monies allegedly misappropriated by Mr. Neu are directly traceable to the $300,-000.00 down payment on the property (complaint, para. 18), the prerequisites for a notice of pendency are met.

■ Implicit in the defendant's argument is the concept that even if the allegations are true, the plaintiff has not set forth sufficient grounds to entitle it to a constructive trust. A constructive trust is a court created equitable remedy to prevent unjust enrichment. *American Hull Insurance Syndicate v. U.S. Lines, Inc. (In re U.S. Lines, Inc.)*, 79 B.R. 542, 544, 16 B.C.D. 886, 887 (Bankr.S.D.N.Y.1987). Under New York law, the factors which the courts look for in establishing a constructive trust are: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment. *Brand v. Brand*, 811 F.2d 74, 77 (2d Cir.1987) (citing *Bankers Security Life Insurance Society v. Shakerdge*, 49 N.Y.2d 939, 939, 406 N.E.2d 440, 440, 428 N.Y.S.2d 623, 624 (1980) (per curiam); *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121, 351 N.E.2d 721, 723, 386 N.Y.S.2d 72, 75 (1976)). However, the four elements enumerated are not conclusive and courts have imposed constructive trusts in the absence of a confidential relationship, unjust enrichment or a promise. *See Simonds v. Simonds*, 45 N.Y.2d 233, 241, 380 N.E.2d 189, 194, 408 N.Y.S.2d 359, 363 (1978); *Coco v. Coco*, 107 A.D.2d 21, 24, 485 N.Y.S.2d 286, 289 (2d Dept.), *appeal dismissed*, 65 N.Y.2d 637 (1985); *Reiner v. Reiner*, 100 A.D.2d 872, 874, 474 N.Y.S.2d 538, 541 (2d Dept.1984). Moreover, the general rule of corporate opportunity demands that if an officer or director of a corporation, in violation of his duty as such, acquires gain or advantage for himself, the law charges the interest so acquired with a trust for the benefit of the corporation, while it denies to the betrayer all benefit and profit. *Abbott Redmont Thinlite Corp. v. Redmont*, 475 F.2d 85, 88 (n. 3) (2d Cir.1973). Against this background and without getting into the specific facts herein, the allegations in the complaint, if true, would indicate unjust enrichment on the part of the defendant. Obviously, at trial the plaintiff has the burden of tracing the funds allegedly misappropriated to the downpayment made on the subject property as well as proving the other allegations in the complaint.

■ It is well settled that an action seeking to impose a constructive trust upon real property seeks a judgment affecting title to, or the possession, use, or enjoyment of real property and accordingly permits a notice of pendency to be filed in such an action. *Laucella v. Grant*, 126 A.D.2d 705, 511 N.Y.S.2d 309 (2d Dept. 1987); *Elghanayan v. Elghanayan*, 102 A.D.2d 803, 477 N.Y.S.2d 163 (1st Dept. 1984); *Grossfeld v. Beck*, 42 A.D.2d 844, 346 N.Y.S.2d 650 (2d Dept.1973). Courts have gone so far as to hold that where an action is brought to recover a judgment affecting title to, or possession, use or enjoyment of real property, the plaintiff is entitled to file a notice of pendency as a matter of right and this right is absolute. *Keating v. Hammerstein*, 196 A.D. 18, 187 N.Y.S. 446 (1st Dept.1921). Therefore, all that need be shown is a complaint which sets forth grounds for a possible constructive trust within the pleadings themselves notwithstanding such a label in the *ad damnum*. This Court is cognizant of the principle that as an equitable remedy, the application of a constructive trust is flexible and limitless and courts will effect such relief, "whenever necessary to satisfy the demands of justice." *U.S. v. Rivieccio*, 661 F.Supp. 281 (E.D.N.Y.1987) (quoting *Simonds v. Simonds, supra*, 45 N.Y.2d at 241, 380 N.E.2d at 195, 408 N.Y.S.2d at 363). With this in mind, an examination of the allegations as set forth in the complaint

in the instant action certainly supports the imposition of a notice of pendency. In *Keen v. Keen*, 140 A.D.2d 311, 527 N.Y. S.2d 817 (2d Dept.1988), shareholders brought a derivative action seeking to impose a constructive trust on real property allegedly purchased with funds fraudulently removed from the corporation. In that action, which closely resembles the instant proceeding, the court held that the filing of a notice of pendency on the property was proper.

 The defendant also contends that because the property is now worth in excess of $1,500,000 and the alleged defalcation amounts to only $300,000, a turnover of the property would be inequitable. This argument is meritless. Since the purportedly misappropriated funds apparently represented a large majority or perhaps the entire downpayment, in the absence of any statement by the defendant that she invested anything in the subject property and in light of the probability that the remaining money was borrowed and secured by a mortgage on the property, it is irrelevant that she was able to buy a property for $1.5 million with a 20% downpayment. Even assuming *arguendo* that there has been a substantial increase in the market value of the property, there is only better reason why a constructive trust be imposed. Where an officer or director has been found to have diverted corporate assets, he will be held accountable for the fruits of his wrongdoing. *Wolff v. Wolff,* 67 N.Y.2d 638, 641, 490 N.E.2d 532, 499 N.Y.S.2d 665 (1986).

Based on the foregoing, this Court concludes that the adversary complaint was sufficiently pleaded to warrant the imposition of a notice of pendency by the plaintiff. Accordingly, the defendant's motion to strike the *lis pendens* is denied.

Submit an Order consistent with this opinion.