■ LINFORD WILSON et al., Appellants, v POWER HOUSE DEVELOPMENT CORP., Respondent. [783 NYS2d 858]—

In an action, inter alia, to foreclose a vendee's lien to recover a down payment made on a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated August 29, 2003, which granted the defendant's motion to cancel their notice of pendency.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the notice of pendency is reinstated.

The defendant moved to cancel the plaintiffs' notice of pendency (*see* CPLR 6501). However, the plaintiffs seek, inter alia, to foreclose a vendee's lien to recover a down payment made on a contract for the sale of real property. Accordingly, the action is one in which the judgment demanded would affect title to real property and the notice of pendency was appropriate (*see Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp.*, 269 NY 56 [1935]; *Macho Assets v Spring Corp.*, 128 AD2d 680 [1987]; *Twaite v Buckhorn Estates*, 84 AD2d 632 [1981]).

On the record and arguments made, it cannot be determined whether this appeal is academic (*see Dingley v Bon*, 130 NY 607 [1892]; *Serota v Power House Realty Corp.*, 274 AD2d 427 [2000]; *cf. Da Silva v Musso*, 76 NY2d 436 [1990]). Thus, we decline to dismiss the appeal on that ground.

Finally, the plaintiffs' appendix on appeal is sufficient to permit this Court to make an informed decision on the merits (*see Bicknell v Bicknell*, 214 AD2d 598 [1995]). Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.