(120 App. Div. 189)

## WACHT v. HART.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

VENDOR AND PURCHASER—CONTRACTS OF SALE—COMPLIANCE BY VENDOR.

A purchaser in a contract for the sale of land subject to a mortgage securing a debt past due need not accept a deed subject to such mortgage on which foreclosure has been begun and may recover a partial payment and the expense of examining the title.

Appeal from Trial Term, New York County.

Action by Samuel Wacht against Frieda Hart. From an order setting aside a verdict in favor of plaintiff and ordering a new trial, plaintiff appeals. Reversed, and judgment directed on the verdict.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Emil Goldmark, for appellant.
Joseph Rosenweig, for respondent.

INGRAHAM, J.  This was an action at law to recover the damages sustained by the plaintiff for a breach of a contract to convey real property.  By this contract, a copy of which is annexed to the complaint, the defendant, Frieda Hart, agreed to convey to the plaintiff certain property in the city of New York, specifically described, for the sum of $45,000, payable $500 on the execution of the contract; "($30,000) thirty thousand dollars by taking said premises subject to a mortgage in that amount, bearing 5 per cent. interest and held by the Mutual Life Insurance Company of New York, the principal sum of which mortgage is now past due;" and the balance as provided for in the contract.  The deed was to be delivered at the office of a firm of attorneys in the city of New York on May 3, 1903, at 2 o'clock in the afternoon.  The complaint alleges that the plaintiff paid to the defendant $500 on the execution of the contract; that on the 3d day of May, at the hour and place specified in the agreement, the plaintiff was ready, able, and willing to perform, and did attend and offer performance, of the same on his part; that the defendant was then unable to perform any part of said agreement, and could not convey the premises described in said agreement by a good and marketable title, free from all incumbrances, except as in said agreement specified; that the expense of examining the title was $479.10; and the judgment demanded was for the return of $500 and the amount expended in examining the title.  The answer denies the allegations contained in the third paragraph of the complaint of the plaintiff's readiness and willingness to perform and the inability of the defendant to perform, and denies knowledge or information as to the expense of examining the title.  No other allegations of the complaint were denied, and there was no counterclaim asking for the enforcement of the contract.

This contract was executed on the 4th of April, 1904.  On the trial it was admitted that on February 24, 1904, the Mutual Life Insurance Company had commenced an action to foreclose the mortgage for $30,-000, and that a summons and complaint, with notice of pendency of the action, had been filed in the office of the clerk of the county of New York; that on the 3d of May, 1904, when the title was to be closed, the lis pendens was still on the record and the action was still pending; that this action was to foreclose the mortgage of $30,000, subject to which the property was to be conveyed; that at the time and place set forth in the contract both parties made all tenders necessary under the contract; that the moneys were tendered and the deeds apparently in proper form were tendered, and the only question was whether the title was at that time free and clear; that $187.10 was expended by the plaintiff for counsel fees and disbursements incurred in the examination of the title; and that that sum was a fair and reasonable charge.  The plaintiff then rested, and after a motion to dismiss the complaint had been denied the defendant proved that at the meeting on the 3d of May, when the title was to be closed, the defendant asked for an adjournment to have the lis pendens removed; that the plaintiff declined to adjourn the proceedings; that the defendant's representative offered to make a deposit of the amount of costs, but no actual tender was made; that the lis pendens upon the

property was not canceled until July 22, 1904. At the end of the testimony the plaintiff moved for the direction of a verdict, which motion was granted, and the defendant excepted. The defendant then made a motion for a new trial, which the court took under advisement and subsequently granted.

I think that this direction of a verdict for the plaintiff was correct. What the plaintiff agreed to accept was a conveyance of the property, subject to a mortgage held by the Mutual Life Insurance Company of New York, the principal sum of which was due. He did not agree to accept title to the property, subject to an action to foreclose the mortgage. He was entitled to the property, subject to an existing mortgage, not to a mortgage which had been called in and which the mortgagee was enforcing by foreclosure proceedings. There was imposed upon the property a liability for the cost of the foreclosure proceedings, and, the action having been commenced to foreclose the mortgage, the owner of the property was placed in an entirely different position than if the mortgage had simply been an outstanding mortgage. This appeared from the statement, made at the time for the closing of the contract, that the mortgagee would allow the mortgage to remain if the rock which was upon the property was excavated or the defendant gave a bond to secure its excavation. From this it would appear that an additional burden would be imposed upon the purchaser.

I think, therefore, that the tender of a deed, subject to a mortgage under foreclosure, where the costs of that foreclosure were at least an incumbrance upon the property, was not a deed subject to an existing mortgage which was due and unpaid, and that the plaintiff was entitled to recover back the money that he paid and the expense of examining the title. Whether or not the defendant could have set up an equitable defense or as a counterclaim the facts in relation to this mortgage and his tender of the amount due and offer to pay the cost of foreclosure, and ask for relief in equity, it is not necessary to determine, as no such defense was set up in the answer; the defendant resisting the right of the plaintiff to recover back this money upon a denial of the fact that the title that the defendant tendered was not in accordance with the contract.

I think the order appealed from should be reversed, with costs, and judgment directed on the verdict, with costs. All concur.