■ HEIDI ASSOCIATES, Respondent, v LAWYERS TITLE INSURANCE CO., Appellant.—Order of the Supreme Court, Bronx County (Mercorella, J.), entered June 27, 1984, which denied defendant's motion for summary judgment on plaintiff's first cause of action and granted plaintiff's cross motion for summary judgment on said cause, and set the matter down for an assessment of damages, affirmed, with costs.

Defendant is a Virginia title insurance corporation licensed to do business in this State. Plaintiff is a partnership engaged in the real estate business. On October 8, 1979, plaintiff contracted to purchase a building located on Creston Avenue, in The Bronx. Plaintiff agreed to purchase the property subject to real estate tax arrearages and to water charges and sewer rents "provided that there are no in rem proceedings pending". Plaintiff sought and obtained from defendant, for a consideration, a commitment for a title policy. Among the numerous exceptions noted on the commitment were the specific real estate taxes, water charges and sewer rents open and unpaid.

By deed dated November 15, 1979, the seller transferred the property to plaintiff. The deed contained a covenant against grantor's acts. The same day, defendant issued its title policy to plaintiff excepting the same liens, encumbrances and clouds on title set forth in its commitment.

Unbeknownst to the parties, on December 5, 1978, some 10 months prior to entry by plaintiff into the contract with the seller, and some 11 months prior to the issuance of the title policy, the city had commenced an in rem proceeding to foreclose its tax liens against this and other parcels of property.

The New York City Charter confers upon the Finance Administrator the duty, through assessors, to assess all taxable real estate within the city and to transmit the results of this action to the City Council (NY City Charter §§ 1504, 1506, 1514). The City Council fixes the tax thereon (NY City Charter § 1516). Such tax becomes a lien upon the property taxed upon the due date thereof and remains a lien until paid (NY City Charter § 1519 [2]). The Finance Administrator shall, from time to time, prepare a list of delinquent taxes. Each such list shall bear a caption containing the in rem action number of the city's tax foreclosure action and shall set forth the parcels involved. Copies verified by the Finance Administrator shall be filed in the appropriate County Clerk's office. Such filing shall have the effect of the filing of an independent and separate notice of pendency and complaint for each of the parcels involved. The County Clerk shall, in a separate volume adjacent to and together with the volume containing the notices of pendency of action, docket the parcels contained in the list of delinquent taxes, according to block index (Administrative Code of City of New York § D17-5.0).

Although the Finance Administrator had done all that was required of him by law, the County Clerk failed to docket the parcel here in question in the list of delinquent taxes in the block index, as required by Administrative Code § D17-5.0 (d).

On September 24, 1981, judgment of foreclosure was entered in the in rem proceeding by the Commissioner of Finance. The deed issued by the Commissioner was recorded on October 5, 1981. Within days thereafter, knowledge of these facts came to the attention of plaintiff through tenants in the premises who had received notices of attornment from the city. Thereupon, plaintiff made application to redeem the property. While the city indicated its willingness to return the property upon payment of the tax arrears due, it fixed a time limitation which plaintiff was unable to meet. This action to recover on the title policy was thereafter commenced.

The first cause of action, the only cause now before us, seeks recovery under the title policy and for breach of the commitment. After joinder of issue defendant moved for summary judgment. Plaintiff cross-moved for the same relief. Special Term granted plaintiff's cross motion and denied defendant's motion. Defendant appeals. We are of the opinion that Special Term correctly decided the issue in question. Accordingly, we affirm.

A title insurance policy is a contract of indemnity (9 Appleman, Insurance Law and Practice § 5201; *Diversified Mtge. Investors v U.S. Life Tit. Ins. Co.,* 544 F2d 571 [2d Cir]). The parties had agreed upon the terms and conditions by which they were to be bound. The courts are not free to rewrite their agreement. The policy covers all defects in title, except those expressly excepted (9 Appleman, *op. cit.* § 5208) and such exceptions are "to be given no wider effect than the language requires" (*Holly Hotel Co. v Title Guar. & Trust Co.,* 147 Misc 861, 864, *affd* 239 App Div 773).

The precise question with which we are here confronted is whether defendant, by noting both in its commitment and in its title policy the tax liens to which the property was subject, exonerated itself from any liability which accrued by reason of the failure to note and except to the pendency of the in rem proceeding. In sum, defendant contends that the in rem proceeding was no more than action taken to enforce rights expressly noted by defendant and excepted to by it. This argument, we think, tends, improperly, to direct our focus to what defendant did, not to what it left undone.

The contract between plaintiff and its vendor expressly provided that title was to be taken subject to tax arrearages "provided that there are no in rem proceedings pending". This, plaintiff contends, was in furtherance of its established policy of purchasing, at minimal cost, only properties with substantial tax arrearages. The bulk of its funds could then be utilized in improving the property, resulting in an increased rental return which could thereafter be used to pay off the tax liens. To accomplish this it needed substantial time leeway. For that reason it required that no in rem proceedings be pending. The failure to note the pendency of such proceedings, clearly a cloud on title, deprived it of this opportunity. The result was that plaintiff's substantial investment which, in the main, was devoted to improvement of the property, was lost.

Defendant's additional contention—that the failure of the County Clerk to record the in rem proceeding deprived it of an opportunity to ascertain its existence—is of small moment. Defendant is sued upon the contract entered into by it. Whatever the reason for the failure to except the pending in rem proceeding, it did not except. It did not undertake to exclude all liens, encumbrances and clouds on title not appearing of record, as well it might have, given the duration of the tax liens. It is bound by its policy, as written. Concur—Kupferman, J. P., Ross, Asch and Bloom, JJ.

Rosenberger, J., dissents in a memorandum as follows: Plaintiff's principal is a real estate operator who purchases properties with substantial tax arrearages. He limits his investments to those properties in which in rem proceedings have not been commenced. On October 8, 1979, plaintiff purchased a building located at 2244 Creston Avenue, in Bronx County. The contract documents acknowledged the existence of unpaid taxes. The seller represented, in the contract, that no lis pendens had been filed or in rem proceedings commenced to foreclose on the tax liens. The purchase price for the property was $3,000.

Plaintiff had ordered a policy of title insurance from defendant. It does not appear that plaintiff specifically requested of defendant a search for lis pendens or in rem proceedings regarding unpaid taxes. It also does not appear that plaintiff had, when ordering the policy, or at any other time, notified defendant of his practice of purchasing properties with tax arrearages, but upon which lis pendens had not been filed or in rem proceedings commenced. The policy, which was issued

on November 15, 1979, expressly excepted unpaid taxes and the mortgage to which the property was subject from coverage. Also excepted were several lis pendens.

On December 5, 1978, the City of New York had commenced an in rem proceeding to foreclose against tax-delinquent properties in The Bronx. Included among those properties was the property on Creston Avenue which had been purchased by plaintiff. The proceedings were commenced by filing a list of delinquent taxes in the office of the Bronx County Clerk, pursuant to Administrative Code of the City of New York § D17-5.0. This filing had the same force and effect as the filing and recording of an individual, separate lis pendens and of an individual, separate complaint, on behalf of the city, as to each of the properties listed, including the one which is here concerned. Although this list of delinquent taxes was filed in the County Clerk's office, it was never docketed in the block indexes of notices of pendency of action against the block in which the property was located as required by Administrative Code § D17-5.0 (d).

In late September of 1981, a judgment of foreclosure was entered in the in rem action. Title was vested in the City of New York by Commissioner's deed, recorded October 15, 1981.

In December 1981, the defendant offered its help to the plaintiff in redeeming the property during the statutory redemption period (Administrative Code § D17-25.0 [i]). In addition, defendant offered to institute an action against the city in plaintiff's name. Defendant's letter, containing this latter offer, advised that any relief granted might depend on the willingness of defendant to pay the already past-due taxes, interest and penalties. Arrangements were made with the city for the redemption of the property upon payment of the sums due. The plaintiff did not make the required payment. The plaintiff had, in fact, paid nothing in reduction of tax arrears or current taxes during the entire period of his ownership of the property.

Former section D17-5.0 (d) of the Administrative Code (1976) required such filing in the block index, by the County Clerk, in order to "constitute due filing, recording and indexing of * * * said list of delinquent taxes". CPLR 6501 requires that the indexing entry actually be made in the block index in order for a notice of pendency to be effective. Plaintiff's theory is based upon the alleged failure of the defendant to except from coverage the lis pendens or notice of pendency of the in

rem action. A substantial factual issue concerning whether that notice of pendency was ever effective has been raised. This issue, alone, should be sufficient to bar summary judgment to the plaintiff.

Special Term correctly noted that the existence of the in rem proceeding did not create a cloud on title. The court went on, however, to opine that the proceeding created an encumbrance. A lis pendens " 'does not, of itself, create an incumbrance apart from the equity on which the action is founded.' " (*Simon v Vanderveer,* 155 NY 377, 382 [1898].) Even had the city's filing with the County Clerk been properly indexed, it would have created no more than the equivalent of a lis pendens and a complaint, neither of which constitute a cloud on title. The existence of the unpaid taxes constitutes "the equity on which the action is founded." These unpaid taxes were well known to the plaintiff prior to its contracting to purchase the subject property and were specifically excepted from coverage under the defendant's policy.

The plaintiff's reliance upon the holding in *Wacht v Hart* (120 App Div 189 [1st Dept 1907], *affd* 198 NY 629 [1910]) is misplaced. In that case the court held (p 191) that under an agreement to convey property subject to a mortgage, the principal of which was then past due and unpaid, the purchaser was not required to accept "the tender of a deed, subject to a mortgage under foreclosure, where the costs of the foreclosure were at least an incumbrance upon the property". The additional liability for costs of the foreclosure constituted an additional burden to be imposed on the purchaser contrary to the terms of the contract. In the instant case, there were no such costs to create an additional burden. The plaintiff had an opportunity to pay the taxes, interest, and penalty which he knew and acknowledged to have been due. Nothing more need have been paid to redeem the property.

Quite apart from the issue of the effectiveness of the purported lis pendens, the insurance contract in issue provides, *inter alia,* that the defendant will pay upon a claim arising "Where there has been a final determination adverse to the title, upon a lien or incumbrance *not excepted* in this policy." (Emphasis added.) The lien for unpaid taxes was excepted. There was no encumbrance.

I would modify the judgment of Supreme Court to the extent of denying plaintiff's motion for summary judgment on the first cause of action, granting defendant's motion for

summary judgment on the first cause of action, and otherwise affirm.