Eurotech Constr. Corp. v QBE Ins. Corp. (2020 NY Slip Op 03604)





Eurotech Constr. Corp. v QBE Ins. Corp.


2020 NY Slip Op 03604


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11702 653776/15

[*1] Eurotech Construction Corp., Plaintiff-Appellant,
v
QBE Insurance Corp., Defendant-Respondent.


FG McCabe & Associates, PLLC, New York (Gerard McCabe of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Anne M. Murray of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered April 25, 2019, which denied plaintiff's motion for summary judgment and granted defendant insurer's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
"Well-established principles governing the interpretation of insurance contracts . . . provide that the unambiguous provisions of an insurance policy, as with any written contract, must be afforded their plain and ordinary meaning, and that the interpretation of such provisions is a question of law for the court" (Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 151 [1st Dept 2016], affd 31 NY3d 131 [2018][internal quotation marks and citation omitted]). The plain language of the Transfer Endorsement contained within defendant's policy states:
a. If we conclude that, based on "occurrences" offenses, claims or "suits" which have been reported to us and to which this insurance may apply, the . . . [l]imit . . . is likely to be used up in the payment of judgments or settlements, we will notify the first Named Insured, in writing, to that effect.
b. When a limit of insurance described in paragraph a. above has actually been used up in the payment of judgments or settlements;
(1) We will notify the first Named Insured, in writing, as soon as practicable, that:
(a) Such limit has actually been used up; and
(b) Our duty to defend "suits" seeking damages subject to that limit has also ended (R354).
Defendant complied with subparagraph "a." of the Transfer Endorsement when it sent its February 1, 2012 letter advising plaintiff that "[i]t is probable that the value of this matter will exceed the primary limit." Notice "as soon as practicable" is only required under paragraph "b." of the Transfer Endorsement, which had not been triggered, because the policy limits had not been "actually . . . used up in the payment of judgments or settlements." It was plaintiff's duty to [*2]place its excess insurer on notice (AAA Sprinkler Corp. v General Star Natl. Ins. Co., 271 AD2d 331 [1st Dept 2000], lv denied 95 NY2d 859 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK