Forrest Equities LLC v Old Republic Natl. Tit. Ins. Co.

2026 NY Slip Op 02724

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Forrest Equities LLC, et al., Plaintiffs-Appellants,

v

Old Republic National Title Insurance Company, Defendant-Respondent, &lsqb;And a Third-Party Action&rsqb;.

Decided and Entered: April 30, 2026

Index No. 811780/21|Appeal No. 6496|Case No. 2025-04575|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Horn Appellate Group, P.C., Brooklyn (Scott T. Horn of counsel), for appellants.

Borchert & LaSpina, P.C., Whitestone (Edward A. Vincent of counsel), for respondent.

[*1]

Order and judgment (one paper), Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about May 12, 2025, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, with costs.

In June 2018, plaintiffs entered into a contract to purchase a multiple-dwelling residential building in the Bronx from third-party defendant NJCRE 2013 Fund, LLC. At the time of the contract, plaintiffs were aware of an explosion that had occurred at the property, destroying a portion of the building and leading the Department of Buildings to issue a vacate order for the tenants, most or all of whom were rent stabilized. Plaintiffs were also aware that as a result of the explosion, they would likely be subject to relocation and emergency repair liens, as well as other potential liabilities. The closing for the sale occurred in October 2018.

The title policy that plaintiffs purchased from defendant Old Republic National Title Insurance Company insured plaintiffs against a number of risks. These included covered risk 3, insuring against loss arising from "Unmarketable Title"; covered risk 5, insuring against loss arising from the violation or enforcement of any law relating to the occupancy, use, or enjoyment of the property; and covered risk 6, which, under certain conditions, covered loss arising from "[a]n enforcement action based on the exercise of a governmental police power not covered by Covered Risk 5." Both Covered Risks 5 and 6 required that "a notice of the enforcement action, describing any part of the Land," be "recorded in the Public Records." "Public Records," in turn, is defined as "[r]ecords established under state statutes . . . for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge." In addition, paragraph 3(a) of the policy's exclusions excluded liens and other matters "created, suffered, assumed, or agreed to by the Insured Claimant." Exclusion paragraph 3(d) excluded matters "attaching or created subsequent to Date of Policy."

In November 2018, NYC Department of Housing Preservation and Development (HPD) commenced an action against plaintiffs, seeking civil penalties for failure to correct housing violations, and that same month, four former occupants of the property commenced an RPAPL article 7-A proceeding against plaintiffs, seeking the restoration of the building's essential services so that they could regain occupancy of their units.

[*2]

Supreme Court properly found that plaintiffs did not demonstrate coverage under covered risk 3. A lis pendens does not itself create an encumbrance apart from the equity on which the action is founded (see Heidi Assoc. v Lawyers Tit. Ins. Co., 112 AD2d 844, 849 [1st Dept 1985] [Rosenberger, J., dissenting], revd 67 NY2d 1041 [1986] [agreeing with dissent that in rem proceeding was not a separate encumbrance]). Rather, a lis pendens filing simply provides notice that an action is pending and may affect title. Similarly, the filing of a vacate order is not itself a lien (see City of New York v 1103 Hoe LLC, 195 AD3d 465, 465 [1st Dept 2021]). Nor did the HPD and article 7-A litigation, both of which occurred postclosing, constitute defects rendering title unmarketable. For these reasons, to the extent that plaintiff relied on covered risk 3 of title policy, the complaint's allegations did not offer "a reasonable possibility of coverage" so as to require Old Republic to defend the HPD and article 7-A litigation (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007] [internal quotation marks omitted]).

Similarly, plaintiff cannot properly rely on covered risks 5 and 6 for coverage because under the terms of the policy itself, the lien had to be recorded in the ACRIS system for those provisions to apply. The record evidence, however, shows that the lis pendens was never recorded in ACRIS, and that the relocation lien was not listed in ACRIS until more than a year after the closing. Although plaintiffs assert that the vacate order is part of the public record, they offer no basis to conclude that Supreme Court erred in finding that it had to be recorded in ACRIS under the express, unambiguous terms of the policy (see Eurotech Constr. Corp. v QBE Ins. Corp., 184 AD3d 523, 523-524 [1st Dept 2020], lv denied 36 NY3d 906 [2021]).

The analysis is not changed on the basis that Old Republic knew about the tenants' relocation status and stated at one point before closing that it would be responsible for the vacate order. The policy itself controls, and the policy must be interpreted according to general rules of contract interpretation (see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 151 [1st Dept 2016], affd 31 NY3d 131 [2018]).

Similarly, although the parties agreed to omit exceptions 2, 11, and 32 in the marked-up policy — for rights of tenants in possession, emergency repair liens that may exist but are not filed, and vacate order docketed March 27, 2026, respectively — those omissions would allow coverage under covered risk 3 only if that risk covered the matters in the first instance, which it did not.

We have considered plaintiffs' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026